THOMAS SMITH, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Forgery.** To utter and publish an instrument alleged to have been forged, is to declare or assert, directly or indirectly, by words or actions, that it is good. Rule applied. *Folden v. The State*, 13 Neb., 328.

2. **The Evidence** examined and *Held*, Sufficient to sustain the verdict.

3. **Forgery**: DELIVERY. One B., a stranger in Omaha, met one T., who professed to have a large farm near St. Louis, and desired to employ B. to superintend it. While they were conversing a pretended freight agent appeared, who was introduced to B. by T. as such, and who demanded of T. the payment of a pretended freight bill of $65. T., pretending he had not sufficient change to pay the bill, presented to B. a forged check on an Omaha bank for $250, saying he could get the money on presentation, and asked him to cash it; *Held*, An uttering of the check, although it was not actually transferred to B.

ERROR to the district conrt for Douglas county. Tried below before NEVILLE J.

*N. J. Burnham*, for plaintiff in error, cited: 1 Whart. Crim. Law, 711. *Commonwealth v. Searle*, 2 Binney, 332. *People v. Rathbun*, 21 Wend., 509. *United States v. Carter*, 2 Cranch C. C., 243. *United States v. Mitchell*, 1 Bald., 366.

*William Leese*, attorney general, for the state.

REESE, J.

An information was presented to the district court by the district attorney, containing two counts, one for the crime of forging a check for $250 on the United States National Bank of Omaha, the other for uttering and publishing as genuine the same check. Upon trial he was found guilty as charged in the second count of the information, and sentenced accordingly. He now prosecutes error to this court.

The principal, and in fact the only contention of plaintiff in error is, that the verdict of the jury is not sustained by sufficient evidence. The facts as testified to by the prosecuting witness were substantially as follows:

Plaintiff met Bromley, the prosecuting witness, in the city of Omaha, and asked him were he was going, and was informed by the witness that he was going to St.

Louis. Plaintiff said that was where he was going, that he lived three miles from that city, and suggested that they would go together. After some further conversation of a general nature they separated, but before doing so, plaintiff invited Bromley into a saloon to have a cigar, saying he did not drink. The cigar was accepted and Bromley went to his hotel to get his satchel, saying in response to a question from plaintiff, that he would be gone about half an hour. Plaintiff said he would wait until the return of Bromley. Bromley did not get his satchel, but went to a bridge-builder's office near the depot, where he hired to work at bridge building, that being his trade. After leaving the depot he started to purchase some necessary tools with which to carry on his work, and on the way he took occasion to examine as to the amount of money he had. About the time he was through with this, some one touched his shoulder to attract his attention, and upon looking round he saw plaintiff, who seems to have gone by the name of Thompson. Plaintiff asked Bromley where he was going, and was informed that he was going "up town." Plaintiff remarked that he was going in the same direction, and would accompany Bromley. After going a short distance plaintiff asked Bromley if he would not like to go to St. Louis and work for him taking care of his large 500-acre farm and the stock thereon, which was represented to be quite an establishment, etc., and proffering to provide a pass for Bromley to St. Louis. Bromley finally consented to go for the price offered. About this time they met another person, who called to plaintiff, saying: "Hello, Thompson." Plaintiff looked around and said: "Hold on, Bromley, there is the freight agent now; that is the man I am looking for. The person came up and was introduced to Bromley as Mr. Turner, the freight agent. Turner came up, shook hands with the witness, and informed plaintiff that "that freight bill" of his was $65. Plaintiff said he knew it, and put his hand in his pocket,

taking out an envelope, opened it, saying he had a five hundred dollar bill, which he presented to Turner for him to change. Turner said he had not money enough to change the bill, when plaintiff returned it and presented the check in question, saying: "Here is something smaller, a two hundred and fifty dollar check." Turner produced some money, saying he had not a sufficient amount of change, but that the check was as good as so much gold. The check was returned to plaintiff, who held it up in front of Bromley and said: "You can cash that; you can get your money in ten or fifteen minutes at the bank." Bromley declined cashing the check, saying he had not the money, but gave plaintiff what he had—eleven dollars— and they separated, Bromley going to the depot to "keep an eye" on a "trunk and valuable package" until plaintiff arrived, which he failed to do, owing, perhaps, to the fact that no such trunk and package were there.

The sole question presented is, whether or not this testimony shows an uttering and publishing of the check in question. We think it does.

Greenleaf, in his work on Evidence, vol. 3, section 110, says: "The allegation of *uttering and publishing* is proved by evidence that the prisoner *offered* to pass the instrument to another, declaring or asserting, directly or indirectly, by words or actions, that it was *good.*"

In *The People v. Caton,* 25 Mich., 390, Judge Cooley, in writing the opinion of the court, says: "To constitute an uttering it is not necessary that the forged instrument should have been actually received as genuine by the party upon whom the attempt to defraud is made. To utter a thing is to offer it, whether it be taken or not." See also *Folden v. The State,* 13 Neb., 330. To utter or publish as true and genuine a forged check, with the intent to defraud, is made criminal by section 145 of the criminal code.

Applying these rules to the testimony in the case at bar, we see no difficulty in finding sufficient testimony to sus-

tain the verdict.   It is urged by plaintiff's counsel that simply *showing* the forged instrument, without an offer to pass it, is not "uttering."   This is true, but in this case there was a clear attempt to pass it, and had Bromley been possessed of sufficient money to pay the face of the check, and disposed to part with it, it is evident that the assertion by the ready confederate, that it was as good as gold, would have been made available as an argument to Bromley to induce him to part with his money. But upon this point the testimony of Bromley is direct and positive.   Plaintiff presented it to him and asked him if he could cash it, telling him he could get his money on it in fifteen minutes.

The check was payable to the order of Henry Marshall and was not indorsed.   It is urged that this want of indorsement would prevent the uttering of the check.   The *check* and not the indorsement is the alleged forgery.   Such being the case the attempt to pass it was sufficient.

The verdict is sustained by sufficient evidence and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.