[Criminal No. 690.   Filed July 13, 1929.]

[279 Pac. 256.]

## RALPH   HARRISON   BRADLEY,   Appellant,   v. STATE, Respondent.

See Criminal Law, 16 C. J., sec. 2204, p. 880, n. 68; sec. 2291, p. 930, n. 93; sec. 2498, p. 1056, n. 20; 17 C. J., sec. 3417, p. 127, n. 52; sec. 3569, p. 223, n. 38; sec. 3593, p. 255, n. 55.
Robbery, 34 Cyc., p. 1808, n. 78.

Mr. D. E. Rienhardt and Mr. J. A. Gleason, for Appellant.

Mr. K. Berry Peterson, Attorney General, and Mr. Lloyd J. Andrews, Assistant Attorney General, for the State.

LOCKWOOD, · C. J.—Ralph Harrison Bradley, hereinafter called defendant, was convicted in the superior court of Gila county of the crime of robbery, and has brought the matter before us for review.

There are some five assignments of error, which we will consider as seems advisable.

The fourth assignment is that certain objectionable remarks were made by the county attorney during the course of his argument to the jury. The only part of the record showing that the remarks complained of were ever made is the motion for new trial. This is not sufficient to preserve the point. *Young Chung* v. *State,* 15 Ariz. 79, 136 Pac. 631; *Dickson* v. *Territory,* 6 Ariz. 199, 56 Pac. 971.

The third assignment is that a certain witness was allowed to read into the record stenographic notes made by her of a statement made by defendant in the presence of herself and several officers shortly after his arrest. It appears from the reporter's transcript that no objection of any kind was made to the

admission of this evidence until after the witness had finished her entire testimony, when counsel for defendant said, ''I move at this time that all of this alleged conversation that was taken down be stricken,'' without making any more specific objection thereto. Such a motion, even admitting that it did not come too late, waives every objection except that the evidence is incompetent for any purpose. *Rush* v. *French,* 1 Ariz. 99, 25 Pac. 816; 26 R. C. L. 1048, and note 17.

We have read the evidence complained of and think at least part of it highly relevant on the defense of alibi interposed by defendant. The court did not err in denying the motion to strike.

The fifth assignment is that the court failed to instruct the jury affirmatively that they could not consider in any manner the fact that defendant did not take the stand in his own behalf. It does not appear that defendant ever asked any instruction on this point. We have held that, if a defendant desires special instructions on any matter of defense in a criminal case, he must ask for them, and it is not error for the court to fail to give such instructions *sua sponte*. *Sisson* v. *State,* 16 Ariz. 170, 141 Pac. 713. This is the general rule as to an instruction of this specific character. *People* v. *Flynn,* 73 Cal. 511, 15 Pac. 102; *Matthews* v. *People,* 6 Colo. App. 456, 41 Pac. 839; 16 C. J. 1022.

This brings us to the remaining two assignments, which in effect raise the question of the sufficiency of the evidence to sustain the verdict. It is the settled rule of this court that we will not disturb the verdict of a jury, if there is substantial evidence in the case from which a reasonable man might reach the same conclusion as the jury, notwithstanding that we might have, if sitting as jurors, or as the trial judge on a motion for new trial, taken a different view of the testimony.

In considering an assignment of this kind we must, therefore, resolve every conflict in the evidence in favor of the state, and it is only when we can say that no reasonable man could thereon return a verdict of guilty that we should reverse a case on that ground.

Let us therefore briefly consider the evidence. At some time between 10:30 and 10:50 P. M. the night of May 22d a gambling game was in progress in a tent near the Coolidge dam. A masked man entered, and at the point of a pistol held up the players, taking from them some $200 or $300. Several of those present noticed particularly he was wearing new tan shoes. He then left the tent, got into an auto and started down the road towards Rice. He was immediately pursued by several parties in another auto, and abandoned his car about two miles from San Carlos and disappeared in the brush. The next morning an Indian trailer followed his trail from the car some distance through the brush. The trailer testified that the man had fallen once or twice on his face, and that his tracks were made by shoes new or substantially so. The car was later identified as one belonging to defendant, and a revolver was found therein also belonging to him and generally similar in appearance to the one used by the robber. Defendant was arrested that day and was positively identified by one of the men who had been robbed as being the person who had committed the holdup. One of the men who followed the car after the robbery also identified him as the driver of the car. He was wearing practically new tan shoes when arrested, and these fitted perfectly the tracks found by the trailer, though there were no special identifying marks on either shoes or tracks. There was also some evidence that shortly after the robbery defendant had in his possession an amount of money in excess of his recent earnings and that his face had on it some fresh scratches.

The defense offered was an alibi, defendant's wife and two other witnesses claiming that defendant entered his home that night at a time which would have made it impossible for him to have been at the scene of the robbery when it was committed. Several of the men present at the holdup also testified that in their opinion defendant was a larger man than the robber.

In rebuttal the state proved admissions of defendant that he reached home at a time which would have made it entirely possible for him to have committed the robbery before. There was other evidence on both sides, but it was of minor importance.

It will thus be seen that, if the jury believed the witnesses for the state were telling the truth, and, of course, they are the sole judges of the credibility of the witnesses, their verdict was amply justified. None of the witnesses who testified as to the time defendant returned home based their testimony on having looked at a clock or watch, but merely on their guess as to the hour. The evidence shows that, if they had been honestly mistaken even to the extent of fifteen or twenty minutes as to the hour, defendant would have had ample time to commit the crime before he reached home. Under these circumstances we certainly cannot say the evidence does not sustain the verdict. Complaint is also made of the severity of the sentence. It was well within the maximum fixed by law, and we cannot say the trial judge abused his discretion therein.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.