## PEARL FORRESTER v. STATE.

No. A-5741.  Opinion Filed Nov. 16, 1929.
(282 Pac. 682.)

E. L. Mitchell and Meacham & Meacham, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

MASSINGALE, Special Judge. The plaintiff in error, hereinafter called defendant, and Ralph Forrester were informed against in the superior court of Custer county, Okla., for having murdered one Oakley Sturgis. There was a severance had of the two cases. This defendant was tried and found guilty of manslaughter in the first degree and his punishment fixed at imprisonment in the state penitentiary for a term of ten years. From the judgment of the court the defendant has appealed to this court.

In the trial court the defendant took exception to certain instructions which he claimed were prejudicial to him, and by reason thereof he contends that the court committed error and he did not have a fair and impartial trial.

He particularly complains of instructions numbered 1, 11, 12, 13, and 14. In the instructions mentioned the jury were advised that the commission of the homicide by the defendant had been proven, or admitted, and that the defendant claimed as a justification of the homicide he acted in his self-defense, and the court then proceeded to instruct the jury on the law of self-defense as applicable to such a plea on the part of the defendant.

There is no objection to the form of the instructions on the theory of self-defense, but there is objection to the applicability of the instructions, based upon the ground that there was not a particle of evidence either that the defendant admitted the killing or that he tried to justify it as having been done in his self-defense.

We have carefully read the record in this case and are unable to find anything which shows that the defendant

set up any defense by way of excuse for or justification of the homicide. In fact, he denied that he committed the act and that was his sole defense, and it occurs to us that a correct decision of this case depends upon the question as to whether or not the defendant may have been prejudiced by the charge given.

"It is error in a court in a homicide case to give to the jury instructions which are not relevant to the evidence and which may mislead the jury to the prejudice of the defendant." Mulkey v. State, 5 Okla. Cr. 75, 113 Pac. 532.

In the above case the evidence showed that the homicide took place at the defendant's house, and in instructing the jury the court used the phrase, "if the defendant was where he had a right to be" in several of the different instructions, and this court held such instructions to be erroneous and prejudicial to the rights of the defendant, and stated that it was the duty of the trial court to tell the jury that the defendant was where he had a right to be and should not have left that question to be determined by the jury.

"In charging the jury, due regard must be had to the state of the case, the character and amount of proof, and the law as stated to the jury must be applicable to the pleadings and testimony." Kirk v. Territory, 10 Okla. 46, 60 Pac. 797, 798.

"* * * Although an instruction may state a correct principle of law, if it is not based upon and in conformity with the issues or facts raised or supported by the evidence it is erroneous, especially where defendant has been or may be prejudiced thereby. * * *" Text, 16 C. J. § 2485, p. 1043.

"Where, in a prosecution for murder, defendant's sole defense was that he did not commit the act, it was error to instruct that, the commission of the homicide by defendant being proved, the burden of proving circumstances

of mitigation or excuse devolved on him, since it was not applicable to the case." People v. Tapia, 131 Cal. 647, 63 Pac. 1001, 1002.

It is conceded that the instructions given embody correct propositions of law applicable to pleas of self-defense, but such instructions were not relevant to the evidence and were not based upon or in conformity with the issues in the case, and we are to determine whether or not the defendant was prejudiced thereby. When the trial judge told the jury that the homicide had been admitted by the defendant and that the burden of proving circumstances of mitigation or excuse devolved on him, we think it was prejudicial. As stated above the defendant did not undertake to justify this homicide, he did not admit it, and he made no effort to mitigate or excuse it. When the trial judge stated to the jury that the defendant did admit the homicide, he went beyond the record, and, finding the defendant without any evidence of mitigation or excuse, it was the equivalent to instructing the jury to return a verdict of guilty against him. To state the proposition differently: The court advised the jury it was the duty of the defendant to justify or excuse a homicide that he denied he committed. We cannot say that such instructions did not influence the jury to the prejudice of the defendant, and we are inclined to think that they did so influence the jury. It is difficult to imagine why such instructions should have been given, because they were not at all applicable to the case, and, believing that they were to the prejudice of the defendant, the judgment of the court below should be reversed, and the cause remanded for a new trial to the district court of Custer county, Okla.

DAVENPORT, J., concurs.

CHAPPELL, J., dissents.

EDWARDS, P. J., having presided in the trial of a codefendant, disqualified and not participating.