295 P.2d 380

**STATE of Arizona, Appellee,**

v.

**James LEE, Appellant.**

No. 1078.

Supreme Court of Arizona.

April 3, 1956.

Lawrence Ollason, Tucson, for appellant.

Robert Morrison, Atty. Gen., and James H. Green, Jr., Sp. Asst. Atty. Gen., for appellee.

LA PRADE, Chief Justice.

This is an appeal from a judgment finding defendant-appellant guilty of aggravated battery, in violation of Section 43–603, A.C.A.1939 (now Section 13–245, A.R.S.1956) and sentencing him to the Arizona State Prison for a term of three to five years. On December 12, 1954 the defendant, James Lee, and his victim, Louis Delgado, engaged in an altercation in which Lee inflicted severe cuts and lacerations on the body of Delgado. Lee testified that Delgado attacked him first with a knife and that he acted only in self-defense. Although the evidence would have justified an instruction as to self-defense, the court was not requested to, nor did it, so instruct the jury.

Medical evidence was presented showing that Delgado received about five or six wounds, some as long as six inches in length. Surgery under a general anaesthetic was required in treatment of the deeper wounds.

This appeal contains four assignments of error. Two deal with the admission of evidence, one with the failure of the court on its own motion to instruct the jury on self-defense, and the last contends that the sentence was excessive.

The first assignment of error is that the trial court erred in admitting photographs of the wounds without a proper foundation having been made, and that they tended to inflame the jury. Specifically, defendant contends that the photographs of the wounds were not verified as to the date or even approximate date taken, and that there was no evidence that the cuts and lacerations at the time the pictures were taken were in the same condition as when inflicted. This contention is without merit. Delgado testified that he received the knife wounds on December 12, 1954; defendant admitted that he had inflicted at least two wounds on Delgado's body; Delgado was admitted to St. Mary's Hospital where he remained for several days, during which time he received surgical treatment from Dr. Donald F. Griess, who testified as to his lacerations; and, finally, the photographer stated under oath that soon after December 12, 1954 he went to St. Mary's Hospital where he took the photographs of

Delgado offered at the trial. The failure of the photographer to remember the exact date of taking the pictures is immaterial in view of the surrounding circumstances indicating beyond all doubt that the wounds photographed were the same wounds received in the attack. As far as the relative condition of the lacerations is concerned between the day of the assault and the day the pictures were taken, it is not open to serious question that the wounds were in better condition when photographed since the victim had had the benefit of a doctor's care and hospital treatment at the later date. We believe the admission of such photographs, not taken immediately or shortly after the incident, is a matter within the trial court's discretion; Wigmore on Evidence, Vol. II, Section 437, Vol. III, Section 792, and that in this case such discretion was clearly not abused. See Young v. State, 1931, 38 Ariz. 298, 299 P. 682; Browning v. State, 1939, 53 Ariz. 174, 87 P.2d 112.

■ The remaining objection in the first assignment of error is based on the allegation that the photographs were calculated to arouse the passion and prejudice of the jury. Unquestionably, from a probative viewpoint the photographs had merely a cumulative effect, corroborating the testimony of Delgado and Dr. Griess, but this alone does not prevent their admissibility. In this case the wounds were all stitched up at the time the photographs were taken, there was no blood in evidence, nothing to indicate the depth of the cuts and the patient was shown lying on a hospital bed. In short, there was nothing in the photographs to arouse passion and prejudice. Obviously, under such conditions, all more favorable than photographs of the original unattended wounds would have been, we cannot find any abuse in the trial judge's admission of such photographs. Janovich v. State, 1927, 32 Ariz. 175, 256 P. 359; Young v. State, supra; Burgunder v. State, 1940, 55 Ariz. 411, 103 P.2d 256; State v. Thomas, 1954, 78 Ariz. 52, 275 P.2d 408.

■ Appellant's second assignment of error is directed at the claimed lack of a proper foundation (as to identity, continuity of possession, and like condition) for the admission of the knife used by Lee in the assault. In view of the testimony of Deputy Sheriff Ray to the effect that Lee told him he had given the knife used in the fracas to one Bob Neighbors, that Neighbors turned the knife over to Ray when requested to do so, and the subsequent admission by Lee to Ray that the knife shown him and subsequently offered in evidence was the knife used by him against Delgado, we find no merit in this contention.

■ The next assignment of error concerns the failure of the court on its own motion to instruct the jury as to self-defense despite defendant's failure to request such an instruction. On this question there is a division of opinion in the United

States with a substantial number of jurisdictions supporting appellant's contention, 23 C.J.S., Criminal Law, §§ 1324, 1325, but the law to the contrary is well settled in this state. Sisson v. State, 1914, 16 Ariz. 170, 141 P. 713; Hann v. State, 1926, 30 Ariz. 366, 247 P. 129; Bradley v. State, 1929, 35 Ariz. 420, 279 P. 256; Kinsey v. State, 1937, 49 Ariz. 201, 65 P.2d 1141, 125 A.L.R. 3; Burgunder v. State, supra; State v. Hendricks, 1947, 66 Ariz. 235, 186 P.2d 943. If any change is to be made in the law in this regard it must come from the legislature.

■ Appellant's last attack on the judgment below is that the sentence was excessive and that this court, under the power given to it by Section 44–2537, A.C.A.1939 (now Section 13–1717, A.R.S.1956), should reduce it. Under the circumstances of this case, however, in which defendant's victim suffered five or six bad knife wounds, requiring general surgery, and was hospitalized for almost a week, we do not consider the sentence of three to five years for the crime of aggravated battery to be excessive. See State v. Guerrero, 1942, 58 Ariz. 421, 120 P.2d 798.

The judgment is affirmed.

UDALL, WINDES, PHELPS and STRUCKMEYER, JJ., concur.