Homer Baty DAGGS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12497.

Criminal Court of Appeals of Oklahoma.

Oct. 23, 1957.

Winston Raburn, Purcell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Homer Baty Daggs, defendant below, was charged by information in the District Court of Pontotoc County, Oklahoma, with the crime of operating a motor vehicle while under the influence of intoxicating liquor, second and subsequent offense, 47 O.S.1951 § 93, tried by a jury, convicted, and his punishment fixed at a fine of $100 and eighteen months confinement in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant first complains that the trial court in its instructions four and six invaded the province of the jury by denying the jury the right to determine the facts of the prior conviction, and that the instructions denied the jury the right of returning a verdict of guilty of operating a motor vehicle while under the influence of intoxicating liquor as a first offense. Further, the defendant says the trial court's instructions had the same effect as an instruction that the prior offense could be taken as proved, hence he alleges the instructions were erroneous.

The facts upon which the trial court's instructions were based are that the defendant admitted by stipulation and his sworn testimony the facts of the former conviction. On these facts, the trial court's instruction number four defined the offense of operating a motor vehicle while under the influence of intoxicating liquor and the degree of intoxication essential to support such a charge, all as described in Luellen v. State, 64 Okl.Cr. 382, 81 P.2d 323. Therefore, said instruction was not erroneous. The court then gave instruction number five which informed the jury the defendant stood charged with a previous conviction as of June 9, 1952, but instructed the jury it could not consider such prior conviction without first determining the defendant's guilt on the charge of October 27, 1956. This was according to law. The trial court then instructed the jury, in instruction number six, in substance, that if they found beyond a reasonable doubt

that the defendant had pled guilty on June 9, 1952, to a charge of operating a motor vehicle while under the influence of intoxicating liquor, as well as commit the offense charged on October 27, 1956, then it would be the jury's duty to find the defendant guilty as a second and subsequent offender. Then, the trial court, in precaution, further instructed the jury:

"In other words, in order to sustain a conviction in this case the State must prove beyond a reasonable doubt both the commission of the offense of Driving While Intoxicated on October 27, 1956 and the former plea of guilty and sentence in the County Court of Pontotoc County, Oklahoma and unless both elements are proven to your satisfaction beyond a reasonable doubt, then it will be your duty to acquit the defendant."

In fact of the record, these instructions were more than fair since they required the state to assume the double burden of proving both the prior conviction and the offense of October 27, 1956, even though the conviction of June 9, 1952, was stipulated to and admitted by the defendant together with his identity. Hence, the trial court's instructions did not constitute an invasion of the jury's province, but left the determination of all the issues to the jury as required by law.

Moreover, the trial court, by no stretch of the imagination told the jury they could take the first offense as proved, but his instructions were clearly to the contrary. The defendant's contention that the trial court did not instruct the jury they might find the defendant guilty of the offense of the act of October 27, 1956, alone, would have some merit in a proper case. But, under this record, it would be contrary to the admitted facts to have so instructed the jury. In fact, it would have been an invitation to the jury so to do. This Court has repeatedly held that the instructions must conform to the law and the evidence. Smith v. State, 90 Okl.Cr. 98, 210 P.2d 675; Stokes v. State, 86 Okl.Cr. 21, 189 P.2d 424, 190 P.2d

838; Forrester v. State, 45 Okl.Cr. 205, 282 P. 682. Under this record, the instructions were not prejudicial, the trial court did not create a new offense, as contended by the defendant, did not invade the province of the jury, but left all the issues of fact to the jury as to whether defendant should be punished as a second and subsequent offender.

■ The defendant's second proposition is that the trial court should have given an instruction concerning expert testimony. Mr. Pierre Woods, State Chemist for the Bureau of Identification, whose testimony revealed his qualifications, testified as to the results of his analysis of the defendant's breath taken in an intoximeter test. The trial court gave no instruction as to how this evidence was to be treated by the jury, and the defendant requested no such instruction. This Court has never held, as far as we have been able to determine, that in the absence of a request for the giving of an instruction concerning expert testimony, failure so to do will constitute reversible error. Nevertheless, in Toms v. State, Okl.Cr., 239 P.2d 812, 821, we said:

"We believe [that] the trial court should instruct the jury that such evidence is not conclusive but should be accorded such weight as the jury sees fit to give it."

In some cases, the failure to so instruct might constitute grounds for reversal, and in others grounds for modification because of the great weight the jury might attach to such expert testimony in the absence of an instruction covering the same, especially, if the results of the case hinged on the expert testimony. Failure to so instruct, in such event, might constitute a material failure.

Briefly, the evidence, other than the expert testimony, showed, by the defendant's own admission, he had been drinking both beer and whiskey. The officer testified he was weaving as he drove the automobile down the street, and when they stopped him and ordered him out of the automobile, he fell flat in so doing. In plain sight on the front seat there was a partially consumed bottle of whiskey. So, in looking at the record as a whole, this omission on the part of the trial court to so instruct would not constitute grounds for reversal.

■ Finally, the defendant contends the trial court erred in permitting Abe Holloway, Court Clerk, to testify concerning the prior conviction charged in the information, for purpose of identification, after the defendant's stipulation to the same. He urges that such testimony was highly prejudicial. This point has been adversely decided to the defendant's contention in Solomon v. State, 79 Okl.Cr. 93, 151 P.2d 944, 945, in which, in paragraph five of the syllabus, this Court said:

"Under our statute and practice of permitting the jury to assess the punishment, it is proper to permit the State to introduce the record of the information and judgment and sentence showing a prior conviction as alleged, notwithstanding the prior conviction or convictions have been admitted."

In the body of the opinion, there is an extended discussion covering this point which is on all-fours with the situation herein involved.

We are of the opinion that in view of the trial court's failure to instruct the jury with reference to the manner with which it should treat the expert's testimony, the jury may have accorded the expert's testimony more weight than it was entitled to receive. By reason thereof, we are of the opinion that under the provisions of 22 O.S.1951 § 1066, we are therefore justified in modifying the judgment and sentence from eighteen months in the penitentiary and $100 fine to twelve months in the penitentiary and $100 fine, and as modified the judgment and sentence is affirmed.

POWELL, and NIX, JJ., concur.