375 P.2d 735

**STATE of Arizona, Appellee,**

v.

**Edward Eugene WEIS, Appellant.**

No. 1199.

Supreme Court of Arizona,

In Division.

Oct. 31, 1962.

Robert K. Corbin, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Charles N. Ronan, Maricopa County Atty., for appellee.

GEORGE M. STERLING, Superior Court Judge.

Edward Eugene Weis was charged by the County Attorney of Maricopa County, Arizona, by information with the offense of drawing a check on no account, a felony, contrary to the provisions of A.R.S. § 13–316 as amended, Laws 1958, Ch. 86, § 1; Laws 1960, Ch. 109, § 2, 5 A.R.S., Cum. Pocket Pt., page 11 (1961–62).

The evidence, as material to this appeal, reveals that the defendant on the 13th day of August, 1960, wrote and delivered to one James C. Hackett, a check drawn on the Valley National Bank, Phoenix, Arizona. This check (State's Exhibit # 1) was signed by the defendant as maker payable to Hackett. On the same day Hackett tendered said check to the J. C. Penney Store in Phoenix in payment of merchandise he had selected. The clerk took the check and went to the office of the store to have the same approved by a Mr. Rutherford. After a delay of some five or ten minutes, in the approval of the check by Rutherford, Hackett left the store. Hackett was followed from the store by Rutherford and other employees of J. C. Penney Company. After leaving the store and a very short distance therefrom Hackett was seen in the company of the defendant Weis. Hackett and defendant continued walking away from the store and ultimately entered Harry Wilson's Bar some blocks away. A police officer testified that he met an employee of the Penney Store and with the employee entered the Wilson Bar and there found the defendant and Hackett. Another police officer testified he went to the Wilson Bar and there arrested the defendant and Hackett. This officer testified that he interrogated the defendant at the police station, and that during the interrogation the defendant admitted writing the check in question; that the check was written on no account; that he had given the check to Hackett in payment of a debt; that he had informed Hackett that he had no account in the bank and that Hackett agreed not to cash the check until some days later; that he denied he had had anything to do with Hackett's tendering the check at Penneys. This officer identified Exhibit # 1 as the check in question, and it was thereupon received in evidence.

A witness Helbring, an Assistant Cashier of the Valley National Bank, testified that he had searched the records of the bank for an account in defendant's name and did not find one. No evidence was offered by the State as to whether the defendant had credit with the Valley National Bank on the day in question.

At this point in the evidence the State rested and defendant moved for a directed verdict upon the ground and for the reason that the State had failed to prove the material allegations of the information in that it had failed to prove that the defendant, on the day in question, did not have credit with said bank. Upon the motion for a directed verdict being denied, the defendant proceeded with his defense.

Defendant, called as a witness in his own behalf, identified the check (State's Exhibit #1) as a check he had written on August 13, 1960; that he gave the check to Hackett in payment of a debt; that he informed Hackett that the check was written on no account; that he had no credit or account with the Valley National Bank at Phoenix, Arizona, on the day in question; that Hackett agreed not to cash the check until some days later. Defendant further testified that he had no knowledge of Hackett's tendering said check to the J. C. Penney Store; that he had gone to the Penney Store with Hackett and had separated from him a short time and then later met Hackett a short distance from the Penney Store, and then had gone with Hackett to the Wilson Bar. Upon cross-examination he was asked as to whether he had ever been convicted of a felony, and after some hesitation admitted a felony conviction at the age of 16 years in the State of New York.

The defendant has assigned some seven assignments of error. He first complains that the trial court erred in not granting his motion in arrest of judgment for the reason that he was convicted of an offense of which he could not be convicted under the information. Defendant supports this assignment with the proposition of law that the defendant could not be convicted and sentenced for a crime greater than the crime charged in the information. Defendant argues that the information in the caption charges him with drawing a check on no account, a felony, but that the body of the information only charges attempt to pass a no account check. The information reads:

"INFORMATION FOR
DRAWING CHECK ON
NO ACCOUNT,
a felony

"In the name and by the authority of the State of Arizona, EDWARD EUGENE WEIS is accused this 20th day of September, 1960, by the County Attorney of Maricopa County, by this information, of the crime of DRAWING CHECK ON NO ACCOUNT, a felony committed as follows, to-wit:

"The said EDWARD EUGENE WEIS on or about the 13th day of August, 1960, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then

and there, with intent to defraud, make, draw, utter and attempt to deliver to J. C. Penney Company, a certain check drawn on the Valley National Bank, Main Office Branch, a banking association at Phoenix, Arizona, and dated Aug. 13, 1960, for the payment of $43.00 in money; he, the said defendant, knowing at the time of such making, drawing, uttering or attempting to deliver that he did not have an account in, or credit with, the aforesaid bank, all contrary to the provisions of sec. 13–316, A.R.S., 1956, As Amended."

Defendant contends that there exists a variance between the caption of the information and the portion of the information which sets forth the facts or the acts performed by the defendant. With this contention we do not agree.

The body of the information specifically charged defendant with "the crime of drawing check on no account", and that he did "make, draw and utter" the no account check and then attempted to pass it. The crime charged in the information is complete upon the making, drawing and uttering of a no account check with the intent to cheat or defraud. It is hard to conceive of any fact situation under the statute that would constitute an attempt. "To utter" includes the attempt to pass, and uttering of a no account check

is the knowingly passing as good, or attempting to pass as good, a no account check with intent to cheat or defraud. Smith v. State, 20 Neb. 284, 29 N.W. 923; People v. Katz, 356 Ill. 440, 190 N.E. 913; State v. Vandenburg, 9 W.W.Harr. 498, 39 Del. 498, 2 A.2d 916.

In the case before us, the attempt to pass the no account check was a circumstance connected with the offense admissible because it evidenced an intent to cheat and defraud. The fact that the information alleges other unnecessary facts and circumstances connected with the offense will not render it invalid. 17 A.R.S. Rules of Criminal Procedure, Rule 139. Any unnecessary allegations may be disregarded as surplusage. 17 A.R.S. Rules of Criminal Procedure, Rule 144. We therefore hold that the assignment of error is without merit in that the information properly charged the defendant with the crime of which he was convicted.

The defendant next assigns as error the action of the trial court in admitting State's Exhibit #1, the check in question, over the defendant's objection. Defendant argues in support of this assignment that no evidence was received to prove the check was in the same condition when offered at the trial as it was when it was uttered. We find this contention to be without merit in that the defendant himself identified the check as the check he wrote

and gave to Hackett. Where it is shown that the defendant himself has identified an object as that involved in the commission of a crime, a proper foundation is laid and it may be admitted in evidence. State v. Lee, 80 Ariz. 213, 215, 295 P.2d 380, 56 A.L.R.2d 1166.

 Appellant further assigns as error that the defendant's admissions or confession was allowed in evidence prior to the proof of the corpus delicti. We have held to establish corpus delicti there must appear some proof of a certain result, and that some one is criminally responsible therefor. State v. Hernandez, 83 Ariz. 279, 281, 320 P.2d 467; State v. Thomas, 78 Ariz. 52, 275 P.2d 408. The criminal agency of the person charged with the crime is not a necessary element of corpus delicti. State v. Thomas, supra. The confession or incriminating statements of a defendant may be used to assist in establishing the corpus delicti, but before such statements are admissible there must be independent evidence tending to prove corpus delicti. This evidence is sufficient if it will warrant a reasonable inference that the crime charged was actually committed by some person. State v. Hernandez, supra.

The evidence received by the trial court prior to the admission in evidence of the defendant's admissions or confession was more than sufficient to support a reasonable inference that someone had drawn a no account check with intent to defraud. We therefore hold that the defendant's statement that he had drawn the check and had no money in the bank was properly admissible.

 The defendant further complains that the trial court erred in refusing to grant the defendant a new trial for the reason that the State failed to prove the necessary allegations of the information, and, further, that the court erred in refusing to direct a verdict for the defendant. The essence of these assignments is to the effect that under A.R.S. § 13–316, supra, it is incumbent upon the State to prove not only that the defendant, at the time of the writing of the check, did not have an account with the bank, but also that at said time he did not have credit with said bank. Thus it would appear at first reading that these assignments would require and involve a construction of the statute. However, in view of the proceedings had before the trial court we do not feel it necessary to pass upon this point for the reason that the defendant, upon the trial of the case below, did not elect to stand upon his motion for directed verdict, and upon the motion being denied proceeded to supply the alleged necessary evidence by his own testimony. This Court, in passing upon this same question in the case of State v. Howe, 69 Ariz. 199, 202, 211 P.2d 467, 469, said:

"In dealing with a similar situation in the case of Rain v. State, 15 Ariz. 125, 137 P. 550, 553, we laid down the following governing principle of law, viz:

" 'The appellant complains that the court should have granted his motion, and should have instructed the jury to acquit when the state rested its case in chief, for the reason the state had failed, when it rested its case in chief, to produce evidence sufficient to support a conviction. The appellant waived that error, if any, when he proceeded with the trial, after the motion was denied. In order to preserve the right to have such order reviewed, he should stand upon his motion. Having voluntarily proceeded with the trial of the case, during the course of such proceeding other evidence was received; we must consider the whole case regardless of the state of the case when the prosecution rested. If other evidence was offered by the state thereafter, which would cure the defects or omissions, if any, appearing in the state's case in chief, we must consider that such evidence was received for that purpose, although received out of its logical order. * * *' See also later case of Washington v. State, 46 Ariz. 446, 52 P.2d 476, to the same effect.

"We hold that when a defendant elects to go forward with his proof and does not stand upon his motion, he takes the chances of having deficiencies in the state's case supplied by later testimony of either the defense or prosecution. The question of the sufficiency of the evidence to sustain the verdict or judgment is then determined on appeal by a consideration of all the evidence presented in the case."

■ Defendant next assigns as error the refusal of the trial court to allow him to explain an admitted prior felony conviction. In support of the assignment defendant sets forth as a proposition of law:

"Where a defendant admits a prior felony conviction on cross examination he can explain or assert his innocence of the charge and give a brief explanation of same."

Appellant, as authority, sets forth in his brief the following statement from United States v. Boyer, 80 U.S.App.D.C. 202, 150 F.2d 595, 166 A.L.R. 209:

"Whether the witness is or is not a defendant, if the opposing party introduces his previous convictions we think the witness should be allowed to make such reasonably brief 'protestations on his own behalf as he may feel able to make with a due regard to the penalties of perjury.' Since not all

guilty men are equally guilty and some convicted men are innocent, we think the witness should be allowed either to extenuate his guilt or to assert his innocence of the previous charges."

We do not feel it necessary to pass upon defendant's proposition of law for the reason that the testimony reveals that the defendant was permitted to make a rather lengthy protestation on his own behalf, stating to the jury that (1) he was 16 years of age at the time of the prior felony conviction, (2) he was intoxicated, and (3) he merely walked through a store window. We therefore find the assignment without merit.

Defendant next contends that the trial court erred in admitting testimony concerning the actions of Hackett in attempting to pass the check. He contends that such evidence was hearsay because Hackett was not subpoenaed as a witness or charged in the information.

The record discloses that Hackett was defendant's accomplice. The actions of one principal during the commission of the crime are the acts of all, and Hackett's act was defendant's act. A.R.S. § 13-139; Hunter v. State, 47 Ariz. 244, 55 P.2d 310; Cline v. State, 21 Ariz. 554, 192 P. 1071. The defendant's own actions obviously could not be considered hearsay under any definition, and neither could Hackett's. Moreover, it was not necessary to name Hackett in the information; all principals in the commission of the crime are charged identically, regardless of who committed which act. A.R.S. § 13-140; Hunter v. State, supra. Further, Hackett's presence or absence at the trial would have no bearing on the question of hearsay.

Defendant next complains that the trial court erred in refusing to direct a verdict of acquittal for the defendant at the close of the case. Upon motion for directed verdict at the close of the case, all the evidence submitted by both the State and defendant must be considered, State v. Colvin, 81 Ariz. 388, 395, 307 P.2d 98, and on appeal, all of the evidence is considered to determine whether it will sustain the verdict and judgment. State v. Wilson, 84 Ariz. 165, 325 P.2d 416. The evidence must be considered in the strongest light in favor of the verdict and all reasonable inferences therefrom must be taken in a light most favorable to the State. State v. Milton, 85 Ariz. 69, 331 P.2d 846; State v. Stephens, 66 Ariz. 219, 186 P.2d 346.

From all of the evidence, taken in the light most favorable to the State, there was before the jury substantial evidence upon which to base its verdict. State v. King, 66 Ariz. 42, 45, 182 P.2d 915.

The judgment is affirmed.

UDALL, V. C. J., and STRUCK-MEYER, J., concurring.