Roy GAY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14250.

Court of Criminal Appeals of Oklahoma.

March 5, 1969.

Shoemake & Briggs, Pawhuska, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William H. Mattingly, Dist. Atty., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Roy Gay, hereafter referred to as defendant, was tried by a jury in the district court of Osage County, Oklahoma on September 16, 1966, and on September 19th, the jury returned a verdict of guilty on a charge of "Operating a Motor Vehicle while Under the Influence of Intoxicating Liquor." The jury assessed defendant's punishment at two years

confinement in the state penitentiary, and the payment of a two-hundred ($200.00) fine. Defendant filed his motion for a new trial on September 26th, which was overruled and judgment and sentence was imposed by the trial court. Thereafter, defendant perfected his appeal to this Court.

The record reflects that defendant had twice before been convicted of the same offense: once in Osage County, case number 4930; and on another occasion in Washington County, case number 4052. Because of the two former convictions, the charge in the instant case was filed against defendant as a felony charge.

The facts briefly stated are: on the afternoon of May 24, 1966, defendant's automobile collided with that of Mr. F. E. Almon on State Highway 123 in Osage County. The State proved its case by the testimony of eight witnesses, most of whom testified that defendant was observed in their presence, and in their opinion he was under the influence of intoxicating liquor. The facts also revealed that defendant's automobile struck the Almon automobile in the wrong lane of traffic, or to the left of the center line of the road. Defendant did not testify, but offered the testimony of one witness who arrived at the scene of the accident sometime after it occurred, and who testified that in his opinion the defendant was not intoxicated. However, this conflict of testimony was resolved, by the jury, against defendant.

Defendant offers four assignments of error in his brief, the first of which recites: The trial court erred in overruling defendant's motion to separate the charge into a two-stage trial. In other words, defendant contends that the information should not have recited the former convictions, and in doing so defendant was thereby prejudiced. To support this contention defendant relies heavily on Harris v. State, Okl.Cr., 369 P.2d 187, and Hunter v. State, Okl.Cr., 375 P.2d 357, which was also the basis for his motion to separate the charge, which the trial court overruled; and he also cites Title 22 O.S.Supp.1965, § 860,

which is the statutory authority for a two-stage proceeding. The two-stage proceeding is intended to apply to those cases related to the habitual criminal provisions of the law.

■ We observe that 22 O.S.Supp.1965, § 860 provides, as follows:

"In all cases in which the defendant is prosecuted for a second or subsequent offense, *except in those cases in which former conviction is an element of the offense,* the procedure shall be as follows:" (Emphasis added.)

Thereafter, the statute provides the manner in which the two-stage proceeding shall be conducted. Considering then the pertinent part of Title 47 O.S.A. § 11–902(c), which clearly provides:

"* * * Any person found guilty of a second or subsequent offense under the provisions of this section shall be deemed guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a period of time not less than one year and not to exceed five years, and a fine of not more than One Thousand Dollars ($1,000.00)."

This section of the statutes is one of several which makes the prior conviction for the same offense an element of the felonious charge, and is therefore required to be included in the charge set forth in the information.

This Court recently held in Broome v. State, Okl.Cr., 440 P.2d 761 (1968):

"In prosecution for second offense of driving while under influence of intoxicating liquor, pleading of sufficient historical facts upon which charge of prior conviction is predicated is essential element of charge necessary to establish jurisdiction."

Broome v. State, supra, also provided:

"Procedure for application of general habitual criminal statute does not apply to second offense drunken driving charges; overruling Hunter v. State."

We therefore conclude that defendant's first proposition is without merit and must be disallowed.

■ The second proposition offered in defendant's brief is: That the trial court erred in admitting testimony by witnesses not in response to any questions, prejudicial to the rights of the defendant. We observe from the record however, that each time on direct examination the trial court sustained defendant's objections and admonished the jury to disregard the answer given by each of the two officers who were testifying, at the moment. Nonetheless, the effect of the witnesses's statements no doubt made some extra impression on the jury; but even so, under the facts of this case we are of the opinion such is not sufficient to reverse this case. The evidence offered against the defendant was sufficient to sustain the conviction. See: Broome v. State, supra.

Defendant's third proposition complains of the evidence of the State's offer to defendant to give him a blood test. Admittedly this was inadmissible and the trial court promptly sustained defendant's objection and admonished the jury that it should not be considered; and the prosecutor also requested that the answer be stricken, and the jury admonished not to consider the statement.

In considering this complaint we are constrained to follow the statement of this Court set forth in Barnard v. State, Okl. Cr., 337 P.2d 768, wherein it was said:

"The facts in the instant case do not bring it within the Engler case. Though this court does not approve of the voluntary statement of the officer which is bordering closely upon that forbidden in the Engler case, it does not go far enough to constitute error. The jury was not shown that defendant refused to take the test but the officer did say he was offered the test. Whether defendant took the test or refused it is not shown by the testimony. We cannot see where defendant was prejudiced to the extent of constituting error of a reversible nature. The court has reviewed the testimony carefully and though there is a drastic conflict in the testimony which constituted a question for the jury we find no justification for reversal * * *."

■ The situation in the instant case is very similar to that found in the Barnard case, supra. In the instant case, the question was asked the officer, "What did you advise Mr. Gay?" to which the witness responded, "I asked him if he wanted a blood test?" This was the only reference made to the blood test, and there is nothing to show that the defendant refused, or agreed, to take the test.

■ Lastly, defendant complains concerning the trial court's instructions number one and number five. Instruction number one set forth the language of the information which included defendant's former convictions on the charge of drunken driving. Instruction number five set out the language of the Statute found in 47 O.S.A. § 11–902, which defines the offense of driving while under the influence of intoxicating liquor, and classifies one situation to be a misdemeanor; and classifies the other subsequent situation to constitute a felonious offense. Defendant offers no authorities in support of this complaint, but Daggs v. State, Okl.Cr., 317 P. 2d 279, supports the State's position that the instructions were not erroneous.

■ After having considered the record and briefs submitted by both sides in this case, we are of the opinion that the errors cited by defendant are not sufficient to cause a reversal of this conviction. The information properly set forth the offense, there was sufficient evidence to support the verdict of the jury, and the instructions to the jury were proper. However, considering defendant's second and third propositions together, which dealt with the "prejudicial barbs" of the officers and the officer's remark concerning his offer to give defendant a blood test, while they are not sufficient to justify a reversal of this case they do warrant consideration.

We are therefore of the opinion that the judgment and sentence imposed in this case should be modified from two years imprisonment and payment of a two hundred dollar fine, to a sentence of one year imprisonment in the state penitentiary. The judgment and sentence as modified is affirmed.

BUSSEY and NIX, JJ., concur.