485 P.2d 1179

**STATE of Arizona, Appellee,**

**v.**

**Willie DIXON, Jr., Appellant.**

**No. 2 CA–CR 233.**

Court of Appeals of Arizona, Division 2.

June 18, 1971.

Rehearing Denied July 14, 1971.
Review Denied Sept. 28, 1971.

Gary K. Nelson, Atty. Gen., by Jerry Schmidt, Asst. Atty. Gen., Tucson, for appellee.

Bernard I. Rabinovitz, Tucson, for appellant.

HOWARD, Judge.

Contrary to his plea, appellant was convicted by a jury of assault with a deadly weapon, to-wit a gun, in violation of A.R.S. Sec. 13–249 as amended. He was sentenced to a term of not less than four nor more than five years in the Arizona State Prison. The victim was shot by the appellant after a controversy arose during a dice game. After the first shot hit its mark, the appellant ran outside where an eyewitness saw him fire a second shot into the house through a screen door while warning those inside the house not to call the police. Appellant presents the following questions for the court: (1) Was it improper for the court to dismiss the special action and refuse to quash the complaint on the grounds that the appellant had been denied a proper preliminary hearing? (2) Should the court have granted appellant's motion to suppress the testimony of Detective Ridgley? (3) Was it improper for the court to refuse to give appellant's requested instruction No. 2 on self defense?

## ALLEGED INFIRMITIES IN THE PRELIMINARY HEARING

Appellant, claiming that there were certain procedural defects in his prelimi-

nary hearing, filed on April 3, 1970, a "motion to quash complaint." This motion which was denied by the trial court, was filed approximately five months after he was arraigned and pleaded not guilty to the information and six days prior to the date set for the trial.

Rule 166 of the Rules of Criminal Procedure, 17 A.R.S., provides in part:

"Upon being arraigned the defendant shall immediately, unless the court grants him further time, either move to quash the indictment or information or plead thereto, or do both. * * *"

We have ruled on this question before. Appellant's failure to comply with Rule 166 waived the defects of which he complains. State v. Todorovich, 12 Ariz.App. 523, 472 P.2d 492 (1970).

## THE TESTIMONY OF DETECTIVE RIDGLEY

On rebuttal by the State, Detective Ridgley was permitted to testify, over appellant's objection, that appellant had admitted that he shot the victim. Appellant contends this testimony was inadmissible for two reasons. First of all, he contends that he had not received the proper Miranda warnings.

This testimony was not introduced in the State's case in chief but was offered in rebuttal for the purposes of impeaching appellant who had testified on his own behalf that he did not shoot the victim. Assuming arguendo that there was a defect in the Miranda warnings, it is of no consequence in view of Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) which holds that statements of a defendant which do not meet the standards set down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but which meet the other legal standards of trustwor-

thiness are admissible for impeachment purposes.[1]

The rationale of *Harris* is cogent:

\* \* \* \* \* \*

" \* \* \* Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately, and the prosecution here did not more than utilize the traditional truth-testing devices of the adversary process.

\* \* \* \* \* \*

The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. \* \* \* "

█ Appellant further challenges the admissibility of Ridgley's testimony since he had refused to talk to defense counsel when he attempted to do so just prior to the officer's taking the witness stand. Appellant does not claim that the prosecution instructed Officer Ridgley not to talk to anybody.

Our Supreme Court has acknowledged the general rule " \* \* \* that a defendant and his counsel have a right to talk with any witness having knowledge of matters which might be beneficial or detrimental to him \* \* \*." We noted this general rule in the case of State v. Chaney, 5 Ariz.App. 530, 428 P.2d 1004 (1967). However, in the latter case we noted that the preponderance of authorities seem to indicate that a court should not force a witness to discuss the case with the defense. We, therefore, reject appellant's claim of error with respect to Ridgley's testimony.

SELF-DEFENSE INSTRUCTION

█ Appellant claims the trial court erred in failing to give a self-defense instruction. We have examined the entire transcript and find it totally devoid of any testimony which would provide the basis for the giving of such an instruction. The trial court need not give requested instructions which are incorrect or inapplicable. State v. Denton, 101 Ariz. 455, 420 P.2d 930 (1966).

Appellant testified that when he saw the victim go for his pocket, he "grabbed" and turned and ran. He stated he then heard two shots and thought they were shooting at him.

It is evident that appellant had completely denied shooting the victim and therefore could not rely on a self-defense instruction.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.