**Jim MEWES, Appellant (Defendant below),**

**v.**

**The STATE of Wyoming, Appellee
(Plaintiff below).**

**No. 4249.**

Supreme Court of Wyoming.

Dec. 26, 1973.

George L. Zimmers, Laramie, for appellant.

Clarence A. Brimmer, Atty. Gen., and William M. Sutton, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., McEWAN, GUTHRIE, and McCLINTOCK, JJ., and RAPER, District Judge.

Mr. Justice GUTHRIE delivered the opinion of the court.

Defendant was convicted of the commission of aggravated assault and battery with a dangerous weapon (§ 6–70B, W.S.1957, 1973 Cum.Supp.) upon the person of Gary Cooper on November 3, 1972, and appeals from the conviction and sentence therefor.

Defendant's appeal is based upon the refusal and failure of the trial court to give an instruction upon self-defense. There does appear in the record a proffered instruction on the theory of self-defense upon which appears the following:

"Offered by defendant and refused," along with the signature of the trial judge.

The record contains no objection made by defendant's counsel to the failure of the court to give such instruction. Rule 51, W.R.C.P., has been made applicable to criminal appeals, Bentley v. State, Wyo., 502 P.2d 203, 206, and it is as follows:

"* * * No party may assign as error the giving *or the failure to give* an in-

struction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * " (Emphasis supplied.)

■ Appellant attempts to make a part of the record, as an attachment to his brief, a copy of an affidavit of the attorney who represented Mewes at the trial. The record on appeal was filed June 20, 1973, and the affidavit is dated September 19— some three months after the record was filed. This affidavit sets out that the attorney did object to refusal to give such instruction on the ground that the evidence laid a proper foundation therefor. It does not state that the objection was made before the jury retired. This is not a part of the record nor may it be considered in this appeal. This leaves for our determination only the question of whether the trial court should have given an instruction on self-defense upon its own motion. The failure to so instruct cannot be found to be reversible error unless it be, as suggested in Pixley v. State, Wyo., 406 P.2d 662, 669, "fundamental error."

A most summary statement of the facts will suffice because of our view of this case. Late in the evening on November 2 defendant Mewes, Steve Montez, and Ernestine Garcia, came to the lounge at Redwood Liquor where they were seated at a table while having drinks. Sometime later Gary Cooper entered and stood at the bar, visited with friends, and had some drinks. The conversation at the table where defendant was seated with his companions apparently became quite offensive and noticeable, causing both the bartender and Cooper to ask these parties to cease this behavior. This precipitated an unfriendly and profane exchange. Cooper, after apparent invitation to trouble, picked up a chair and approached the table. He either pushed or swung the chair and there is some testimony that both Montez and defendant were knocked down or pushed

aside. During the ensuing melee Cooper was stabbed three times in the back and defendant and his party hurriedly departed from the premises.

There is testimony of one witness that she saw defendant stab Cooper in the back while defendant was standing behind him. There is testimony of another witness who said she saw Montez and defendant with knives in their hands. Defendant himself and by his witnesses denied that he had stabbed Cooper or in any manner participated in the stabbing or even had a knife or instrument which could have inflicted these injuries.

There is substantial division of views on the necessity of the trial judge's instructing where there is evidence to support such defense in the absence of timely request, State v. Lee, 80 Ariz. 213, 295 P.2d 380, 56 A.L.R.2d 1166, 1169, and annotation beginning at 1170. However, this is not necessary of resolution in this case. Defendant strongly relies upon Blakely v. State, Wyo., 474 P.2d 127, as the basis for his assertion that the failure to give an instruction upon defendant's main defense theory is a denial of due process, and that such obligitation arises by virtue of the following:

" * * * the court shall give to the jury such instructions on the law as may be necessary. * * * " (Rule 51, W. R.C.P.)

Blakely is clearly distinguishable upon its facts and is inapplicable hereto. The instructions offered in that case directly covered the question of intent and the testimony and theory of defense of the defendant were that although he had taken the calves he had no intention to convert them to his own use, which was a material element of the crime.

■ A proper approach to this case suggests a glance at the general nature of a plea of self defense. The obvious nature or quality of the plea of self-defense is that of justification or excuse for an otherwise unlawful homicide or assault and

battery.[1] In recognition of this at least one state has apparently enacted a statute classifying this as an affirmative defense.[2]

The case of People v. Gill, 7 Ill.App.3d 24, 286 N.E.2d 516, 519, is quite applicable to this case. The trial judge had indicated he would give an instruction on self-defense. Although none was offered and no objection was made to the failure to give it, it was contended it was error not to have given such instruction. The following interesting comment appears:

> " * * * It is hard to imagine that with the defendant steadfastly denying that he shot the decedent that any reasonable jury could somehow infer that the decedent was killed by the defendant in self-defense. * * * "

Appellant places his reliance upon the proposition that it was necessary to give such instruction in the cases of Garcia v. State, Tex.Cr.App., 492 S.W.2d 592, and Roberson v. State, Tex.Cr.App., 479 S.W.2d 931. An examination of Roberson demonstrates its complete inapplicability to the facts in this case. Roberson was charged as a principal by virtue of the Texas statute and the evidence demonstrated that he could only be guilty as a principal to the offense committed by his companion who would have been clearly entitled to a self-defense instruction. Garcia involved a claim of an accidental shooting asserted by way of defense and the court held it was error not to instruct upon self-defense. A full discussion of the facts in that case would merely lengthen this opinion, but it may be distinguished upon at least two strong grounds. First, the defendant admitted the act which occasioned the death; and there was considerable evidence that before she reached for the weapon the deceased's conduct was such as to seriously raise the question of self-defense. It is to be further noticed there is a rather sharp dissent to the holding upon the basis that the claim of accidental shooting could not raise the issue of self-defense.

In both homicide and assault and battery cases where the accused denies the commission of the act he has been held not entitled to an instruction on self-defense, State v. Dixon, 15 Ariz.App. 62, 485 P.2d 1179, 1181; Winbern v. People, 116 Colo. 136, 180 P.2d 516, 518; Richardson v. State, Fla.App., 251 So.2d 570, 571; and Hicks v. State, Okl.Cr., 503 P.2d 243, 246. Additionally we find persuasive the case of State v. Peal, Mo., 463 S.W.2d 840, 841, which holds that when the defendant claims the shooting was accidental he is not entitled to an instruction on self-defense as that would be inconsistent, Cleghorn v. State, 55 Wis.2d 466, 198 N.W.2d 577, 579. A good summary of the rule appears in the case of Fitch v. Commonwealth, 267 Ky. 646, 103 S.W.2d 98, 102, wherein appears the following rather applicable observation:

> " * * * With rare exception it is the rule that where the defendant denies committing the homicide at all, he is not entitled to a self-defense instruction."

Also see Delk v. Commonwealth, 308 Ky. 579, 215 S.W.2d 109, 112. Conversely, the case of Ellis v. State, Okl.Cr., 318 P.2d 629, is of interest. This involved a murder charge and the defendant denied he struck the deceased and testified that when he saw the fight begin he ran away. The trial court in that case instructed on the theory of self-defense and the case was reversed on the ground that this was prejudicial error. See also Forrester v. State, 45 Okl.Cr. 205, 282 P. 682.

1. See State v. Goldberg, 12 N.J.Super. 293, 79 A.2d 702, 705–709, for a history and development of this plea. See 1 Warren on Homicide, § 142, p. 616, and § 148, pp. 637 and 640 (Perm.Ed.) wherein it is styled as "an affirmative, positive, intentional act." This note and cases cited herein involve a number of homicide cases. The general rules of criminal law governing self-defense are applied to assault and battery, 6 Am.Jur.2d Assault and Battery, § 69, p. 63, and cases referred to in note 19; 1 Wharton's Criminal Law and Procedure, § 349, p. 698, et seq., and §§ 211, 212, and 213, p. 463, et seq. (1957).

2. See People v. Oliver, 11 Ill.App.3d 152, 296 N.E.2d 70, 73.

It is our view the failure to give a self-defense instruction was not error and it would not have been proper to instruct the jury in that particular area of the law as it would have been an abstract statement of the law and might well have tended to prejudice the defendant and deprive him of his defense. When a charge of this character is made and there is a denial of the stabbing, the only issue presented to the fact finder is whether defendant did in fact stab complainant, Delk v. Commonwealth, supra.

The judgment is therefore affirmed.

McINTYRE, J., not participating.