628 P.2d 590

The STATE of Arizona, Appellee,

v.

Ronald Cornelius MILLER, Appellant.

No. 2 CA–CR 2181.

Court of Appeals of Arizona,
Division 2.

April 1, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Stanley L. Patchell, Phoenix, for appellee.

Hirsch & Saltsman by Ronald G. Saltsman, Apache Junction, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was a prisoner at Arizona State Prison. He was convicted of aggravated assault on a prison employee.

He raises the following issues on appeal:

1) Should his conviction be reversed because a witness testified that he refused to answer questions after being advised of his constitutional rights?

2) Did the court err in refusing to give a self defense instruction?

3) Did the court err in refusing his post indictment motion for preliminary hearing or, in the alternative, to dismiss?

During the state's case an investigator for the prison testified. He was asked: "Do you know if Mr. Miller was sent over to the hospital ... ?"

After answering "Yes, sir" he volunteered the following unresponsive remark "after I advised him of his constitutional rights and he refused to answer any questions."

No objection was made, no further questions were asked concerning appellant's silence and no one mentioned it in argument.

Appellant argues that no objection was necessary since he maintains the volun-

teered testimony constitutes fundamental error and cites *State v. Jones,* 119 Ariz. 555, 582 P.2d 645 (App.1978) and *State v. Greer,* 17 Ariz.App. 162, 496 P.2d 152 (1972) as authority.

The *Greer* case is distinguishable from the instant case since the objectionable evidence, the defendant's silence when interrogated by the police, was introduced on cross examination of the defendant. In fact, a series of questions were asked by the prosecutor on that subject matter. This court held in *Greer* that a defendant who chooses to testify may not be impeached by his earlier exercise of his right to remain silent. That is not the situation here.

While *State v. Jones,* supra, also from this court, does state that it is fundamental error to introduce testimony that a criminal defendant elected to remain silent when he had a constitutional right to do so we did not reverse, holding that even if error occurred, it was harmless because the evidence of guilt was overwhelming. In *Jones* we cite as authority *State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1973) and *State v. Landrum,* 25 Ariz.App. 446, 544 P.2d 270 (1975). Neither of these cases support our broad generalization. What they do support is the proposition that it *may be* fundamental error to introduce testimony that a criminal defendant remained silent when he had a constitutional right to do so.

*Anderson* also involved eliciting such evidence from the defendant on cross examination. Further, it involved the prosecutor's reference to such evidence in closing argument. After a careful analysis of several cases the supreme court then makes these statements:

> "Although the one question and answer standing alone without objection and without further elaborating questions might not be prejudicial, we believe that the question together with the comments thereon to the jury was fundamental error, ...
>
> Having determined that the cross-examination together with the comments to the jury was fundamental error ..."
> 110 Ariz. at 241, 517 P.2d at 511

*State v. Landrum,* supra, which also cites *Anderson* as authority did not hold that the testimony concerning defendant's silence was fundamental error and like *Jones* did hold that the error was harmless. Since this case involves only one isolated, nonresponsive answer from a witness, not the defendant, we do not believe, in light of *Anderson* which we consider controlling, the error was fundamental. The trial court was given no opportunity to correct the error by striking the testimony, by granting a mistrial or by instruction and we cannot now consider the matter on appeal. *See also Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

On the second issue we have searched the trial transcript and find no evidence warranting a self defense instruction. To refuse a requested instruction which is not supported by the evidence is not error. *State v. Denton,* 101 Ariz. 455, 420 P.2d 930 (1966). Appellant testified and denied ever committing any assault even if circumstances justified his right to defend himself. A defendant who disclaims any assaultive behavior on his part is not entitled to a self defense instruction. *State v. Dixon,* 15 Ariz.App. 62, 485 P.2d 1179 (1971). After appellant testified, the only issue was whether he did, in fact, assault the victim. *See Mewes v. State,* 517 P.2d 487 (Wyo.1973).

Appellant's argument that the use of grand jury presentment for some defendants and preliminary hearing for others denies equal protection has been rejected by our Supreme Court. *See State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6 (1975) and *State v. Ferguson,* 120 Ariz. 345, 586 P.2d 190 (1978). Having been charged by grand jury indictment, he was not entitled to a preliminary hearing or dismissal.

The judgment and sentence are affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.