**Donald Jackie MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41649.**

Court of Criminal Appeals of Texas.

Jan. 15, 1968.

Donald Childers, El Paso, for appellant.

Barton Boling, Dist. Atty., James H. Kreimeyer and John L. Fashing, Asst. Dist. Attys., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Appellant was jointly indicted with Graciela Villa Arellano for unlawful possession of marihuana. Severance was granted and appellant was tried before a jury on his plea of not guilty. The jury having found him guilty, the court assessed his punishment at three years in the Texas Department of Corrections.

The state's evidence reflects that Graciela was living with appellant in a house which belonged to Mrs. Pettigrew. The house was near the residence of Mrs. Pettigrew who also had other tenants.

In response to a call from the landlady, Border Patrol Inspectors Maxey and Lovett went to the house occupied by appellant and his co-indictee for the purpose of checking into the matter of Graciela's immigration status.

Upon arriving at the house the officers informed Graciela of the purpose of their visit and she invited them in. Appellant was not at home.

Having ascertained that Graciela was a citizen of Mexico and was in this country in violation of immigration laws, the officers advised Graciela of such fact; told her that she would have to accompany them and that more than likely she would not be coming back and should bring all of her personal belongings with her.

Graciela then started gathering personal belongings from each room in the house, all the while chattering and talking—(Senior Patrol Inspector Maxey testified "She wasn't exactly rational in my estimation.")

While gathering her belongings, Graciela produced a "satchel-like suit case-type thing" from one of the rooms in back, opened it and speaking in Spanish said: "See for yourself; here's the marihuana I ex-

plained about \* \* \* It belongs to El Patron, the boss," and the officers took out a paper bag which contained a substance that proved to be marihuana.

Appellant's first ground of error complains of the overruling of appellant's motion to suppress as evidence the bag of marihuana (State's Exhibit 1) and of the admission of such Exhibit in evidence at the trial.

We need not pass upon appellant's contention that Graciela was not shown to be the common-law wife of appellant or to have authority to invite the officers into the house.

One of the duties of a Border Patrol Inspector is "to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States." 8 U.S.C.A. § 1357(a) (1).

■ The officers being where they had the right to be and having been handed the bag of marihuana without a search, we overrule the contention that the marihuana admitted in evidence as State's Exhibit 1 was unlawfully obtained. See Guadian v. State, Tex.Cr.App., 420 S.W.2d 949.

After obtaining the bag of marihuana produced by Graciela the Border Patrol Inspectors contacted the El Paso Police Department.

Prior to the arrival of City Detectives Wright and Aguirre, appellant walked in and was placed under arrest by Inspector Maxey. Two or three minutes later the El Paso Police Officers arrived, and after inspecting the bag of marihuana, took appellant and Graciela to the office of Justice of the Peace Bob Lewis where charges

were filed and the defendants were informed of their rights.

Appellant and Graciela were then taken to the police station and Detectives Aguirre and Wright and Inspectors Maxey and Lovett returned to Judge Lewis' office and obtained a search warrant. They then returned to the house of appellant and Graciela, searched it and found marihuana (1) in a tobacco tin in a plastic bag hanging with men's clothing in a clothes closet; (2) in a plastic wrapper found in a cardboard box in the living room; (3) in some cigarette butts and two cigarettes in a plastic bag found in the bedroom; (4) in cigarette butts in a Raleigh Cigarette package found in the pocket of a man's shirt and (5) in cigarette butts found in a man's coat.

Appellant's second ground of error complains of the search of the dwelling of appellant following his unlawful arrest.

■ The search here complained of was upon authority of a search warrant, not as the result of or incident to the arrest of appellant. See Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747; Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Garcia v. State, 163 Tex.Cr.R. 146, 289 S.W.2d 766.

■ Ground of error No. 3 also complains of the search following appellant's arrest and the issuance of the search warrant, the contention being that the affidavit for the search warrant did not state sufficient probable cause.

The affidavit made by Detective Wright, upon which the search warrant was issued, is not before this court as an exhibit. Ground of error No. 3 is overruled.[1]

---

1. We observe that appellant's brief contains the following quotation from the affidavit exhibited and identified at the trial: "On December 14th at approx. 5:55 p.m. Graciela Villa common-law wife of Donald Jackie Morgan *turned over* approx. 1½ pounds of what is *believed* to be marijuana, to Border Patrol Officers Herman Maxey (sic) and Robert Lovett. The Officers

were on a routine check of subject Villa and while *questioning* her, she *voluntarily turned the marijuana over to them*. It is believed that subject Morgan might have other narcotics concealed in the apartment at 7677 Barton Rear. (emphasis supplied) State's Exhibit #4."

The record reflects that the information relied on was received shortly before the

■ The remaining ground for reversal complains that the court sustained the state's objection to the following question propounded to Detective Aguirre:

"Well, what is your understanding about the law in the State of Texas with regard to probable cause necessary to—necessary for a Justice of the Peace or any magistrate to issue a search warrant?"

We see no error.

The judgment is affirmed.

DOUGLAS, J., not participating.

affidavit for issuance of the search warrant was made and was received from the Border Patrol Inspectors who were in the house which was to be searched when they gave the information, and were in the magistrate's office when the affidavit was made and the search warrant was issued.