447 P.2d 554

The STATE of Arizona, Appellee,

v.

Bert Lee JONES, Appellant.

No. 1824.

Supreme Court of Arizona,
In Banc.

Nov. 21, 1968.

Rehearing Denied Dec. 24, 1968.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Daniel D. Holly, Deputy Public Defender, for appellant.

BERNSTEIN, Justice.

This is an appeal from a conviction of attempted robbery, robbery, and robbery with a prior record of conviction.

The facts, read in a light most favorable to sustain the conviction, are as follows: On the morning of November 1, 1966, the appellant Jones and an accomplice were unsuccessful in a robbery attempt on a local liquor store when the store manager, Charles H. Jackson, forcibly repelled their demands. Less than an hour later, these same suspects held up the St. Vincent De Paul Society Store and seized approximately $50.00 in cash. Phoenix police apprehended the fleeing suspects in their automobile moments after the robbery. They had in their possession a toy pistol, a paper bag marked by employees of the Society, and a sum of money equivalent to the amount of money stolen only moments before from the Society.

The appellant's first assignment of error is based upon the trial judge's action in not instructing the jury regarding the appellant's failure to take the witness stand.

He contends that the trial judge should have instructed the jury that failure to take the stand should not be construed as an inference of guilt. The trial judge refrained from giving the instruction upon the express request of defense counsel. It is appellant's position that the instruction should have been given in spite of the contrary request made by him.

In Bradley v. State, 35 Ariz. 420, 279 P. 256 (1929), this court held that it was not error for a trial judge to fail to instruct a jury on the defendant's failure to take the stand where defense counsel failed to request such an instruction. See also Sullivan v. State, 47 Ariz. 224 at 237, 55 P.2d 312 (1936).

In the present case, defense counsel not only failed to object to the omission of the instruction, but specifically requested as a part of his strategy that the trial judge refrain from giving this instruction. The failure to instruct the jury regarding appellant's failure to take the witness stand and in light of defense counsel's own request, was not error.

The appellant next assigns as error the sufficiency of the evidence submitted by the State in proving his prior conviction. The State introduced a certified abstract of a Judgment from the Superior Court of San Joaquin County, California showing that Bert Lee Jones, on October 31, 1960, had been convicted of first degree robbery in that state. All documents were properly authenticated, and were accompanied with photographs and fingerprints. The State introduced the abstract and photographs submitted by California authorities but did not attempt to prove that the fingerprints attached to the California papers matched those of the appellant Jones. Appellant contends that the State should have been required to show that the prints which accompanied the California papers were identical with his own fingerprints.

In State v. Pennye, 102 Ariz. 207, 427 P.2d 525 (1967), we held that the State had a burden of proving beyond a reasonable doubt that the accused had been convicted of a prior criminal offense before the provisions of A.R.S. §§ 13–1649, 13–1650 applied. In that case we held that identity of names was insufficient to prove a defendant guilty of a prior crime.

While a comparison of fingerprints would have provided additional corroborating evidence of appellant's conviction for a prior crime, the similarity of both names and photographs could have sufficiently persuaded a jury beyond a reasonable doubt that Jones had been convicted of a prior offense. In the recent case of State v. McGonigle, 103 Ariz. 267, 440 P.2d 100 at 105 (1968) we said in disposing of the same issue,

"In the case at hand the jury could easily look at the photographs and compare them with the defendants on trial. We hold that the evidence was sufficient for the jury to find that appellants had suffered prior felony convictions."

In this case the jury examined the California photographs and found them to be a photographic reproduction of the Appellant Jones. Such evidence was therefore sufficient to support their verdict of guilty to a prior crime.

Judgment affirmed.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER, and LOCKWOOD, JJ., concur.