449 P.2d 611

**STATE of Arizona, Appellee,**

v.

**Edward Charles PENNYE, Appellant.**

**No. 1848.**

Supreme Court of Arizona.

In Banc.

Jan. 22, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Arthur W. Vance, Jr., Yuma, for appellant.

McFARLAND, Justice.

Edward Charles Pennye, hereinafter referred to as defendant, was charged and convicted of assault with a deadly weapon, with a prior conviction, and sentenced to a term of not less than ten nor more than thirty years. From this conviction and sentence he appeals.

The prior conviction of murder without malice was proven by a copy of a legally-authenticated conviction record, upon which appeared the name of "Edward Charles Pennye." On appeal, this Court held that identicalness of the name on the record, and the name of defendant, is insufficient to establish the prior conviciton. 102 Ariz. 207, 427 P.2d 525.

The case was remanded, and the issue of the prior conviction was retried. At the second trial there were admitted in evidence, over defendant's objection, (1) a copy of the record of conviction in Midland County, Texas, (2) a picture allegedly of defendant, and (3) a copy of the record of defendant's fingerprints. Attached to this was the certification and attestation of the "record clerk of the Texas Department of Corrections," the penitentiary where defendant had been committed. The clerk certified that all documents were true copies of the official records of "E. C. Pennye." The number below the photo matched the number printed on the fingerprint record.

J. F. McGill qualified as an expert witness on fingerprints, and testified after making a comparison of defendant's fingerprints taken personally by McGill at the time of defendant's arrest on the charge in the instant case, that the prints matched those contained in the Texas record. This evidence was to the effect that defendant, E. C. Pennye, was the same "E. C. Pennye" previously convicted in Texas.

Rule 272 of Rules of Criminal Procedure, 17 A.R.S., authorize the use of the civil rules of evidence in criminal cases, unless otherwise provided; thus Rule 44(g), Rules of Civil Procedure, 16 A.R.S., is applicable. This Rule states:

"44(g) Authentication.

"(1) Domestic. An official record kept within the United States, or any state, district, commonwealth, territory, or in-

sular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryuku Islands, or an entry therein, *when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody.* The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office." (Emphasis added.)

This rule was complied with in every respect; however, defendant contends that this rule is not applicable, because it contemplates that an "official record" is only one *required* to be kept by the statutory law of Texas. Defendant asserts that because the prosecution failed to reveal any such Texas law, the admission of the evidence was reversible error.

It is defendant's contention that in order for a record to be admissible under Rule 44(g) it must be an official record authorized by statute, and that the record of the defendant in the Texas penitentiary was not admissible for the reason that there was no Texas law requiring that such a record be kept. Wigmore, 3d Ed., Vol. 5, p. 517, states that the necessity of "trustworthiness" of the hearsay exception doesn't demand statutory specificity.

"It is clear that *no express statute or regulation* is needed for creating the authority or duty to make the statement. The existence of the duty, and not the source of its creation, is the sanctioning circumstance. Not all, nor the greater part, of an officer's conceded duties are expressly laid upon him by written law. * * * Where the nature of the office fairly requires or renders appropriate the making and recording of a specific statement, that statement is to be regarded as made under official duty: * * *."

Justice Cardozo, in People v. Reese, 258 N.Y. 89, 179 N.E. 305, 79 A.L.R. 1329, states:

" * * * No doubt a foreign custodian, annexing fingerprints to his certificate, would be competent to certify without the *aid of any statute* that they were prints or copies of prints kept upon his files in conformity with law and to state, after comparison with the warrant of commitment, the name of the prisoner whose prints were so recorded. 3 Wigmore on Evidence, § 1677, p. 552. There would be a presumption in such circumstances that the prisoner fingerprinted was the prisoner committed; * * *" (Emphasis added.)

We therefore conclude the record must be made under official duty. The question is—Was the clerk of the Texas penitentiary under such a duty? Texas has general statutory provisions providing for the maintenance and supervision of its prison system by its Texas Prison Board. Vernon's Texas Statutes Annotated, Art. 6166a and 6166j.

The recording of photographs and fingerprints at a state prison is an official and inherent duty of the penitentiary's record clerk. State v. Courser, 199 Wash. 559, 92 P.2d 264, 266:

"It is a matter of common knowledge of which this court cannot feign ignorance that the taking and preservation of photographs, physical measurements, and characteristics of prisoners is a measure adopted in nearly all penal institutions. * * * As an aid to the enforcement of our habitual criminal law the preservation of such data is an obvious necessity."

We therefore hold that the record was properly admitted.

Defendant next contends that the State's witness, J. F. McGill, was not a qualified expert, and therefore admission of his testimony over objection was reversible error.

Whether a witness is qualified to testify as an expert falls within the discretion of the trial court. State v. Reyes, 99 Ariz. 257, 408 P.2d 400, 14 A.L.R.3d 1262; State v. Espinosa, 101 Ariz. 474, 421 P.2d 322.

The record shows that McGill had both formal training and on-the-job training in classification of fingerprints. The extent of his training went to the weight and not the admissibility of the evidence. Formhals v. United States, 278 F.2d 43 (9th Cir.); United States v. Alker, 260 F.2d 135 (3d Cir.); Territory of Hawaii, by Sharpless v. Adelmeyer, 45 Haw. 144, 363 P.2d 979.

The trial court did not abuse its discretion in permitting McGill to testify as an expert.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.