464 P.2d 824

**STATE of Arizona, Appellee,**

v.

**Larry Joe HUMPHREY and Billy Ray Watts, Appellants.**

**No. 2 CA–CR 193.**

Court of Appeals of Arizona, . Division 2. .

Feb. 9, 1970.

Rehearing Denied March 11, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Gordon T. Alley, Tucson, for appellants.

KRUCKER, Judge.

Defendants-appellants, Larry J. Humphrey and Billy Ray Watts, were informed against for the crime of burglary. A jury found them guilty and judgment was so entered. Both defendants were sentenced to not less than eighteen months nor more than two years. Their motion for a new trial was denied. Both defendants appeal from the judgment.

Construing the facts to sustain the judgment, they are as follows. Joe Marchesano, the proprietor of Betty's Arena Bar, closed up about 1:15 a. m., December 18, 1968. Prior to closing, he checked the stock and cleaned the bar. At 11:00 a. m. that same morning, the bar was opened and found to have been burglarized. The south door lock was broken open, and the coin meters in the cigarette machine, pool table, shuffleboard machine, and juke box had been broken into. There were potato chip and cheezit sacks on the floor and a beer bottle top on the pool table. This latter evidence led to a subsequent discovery of an empty beer bottle in a back room. A plastic container of coins from alongside the cash register was taken along with a custom cue stick in its case. All of the packages of Camel and Marlboro cigarettes, and a few packages of assorted other brands, were taken from the cigarette machine.

Directly across the street from the bar is the Ajo Motel, where defendants were staying at the time of the burglary. Mrs. Brown, the motel manager, was also a

bartender at the bar. She observed both defendants carry some items to a vacant lot behind the motel and return empty-handed. Earlier, she had seen a cue stick and case similar to the one stolen in their room.

It subsequently turned out that many of the stolen items were found in the lot, where defendants had been seen. The fingerprints of one of the defendants, Mr. Humphrey, were taken from the empty beer bottle found in the bar.

The issues raised on appeal are:

1. Was it error to deny a directed verdict for defendant Watts?

2. Did the trial court unduly restrict cross-examination of witness, Mr. Marks?

3. Was it error to admit the beer bottle into evidence?

Defendants' first contention is that a directed verdict for defendant Watts should have been made at the end of the State's case pursuant to Rule 270, Rules of Criminal Procedure, 17 A.R.S. Specifically, defendant contends that no evidence was presented that he entered the bar or that he, as distinct from his co-defendant, possessed any of the stolen goods. He contends that the sole basis for his conviction would have to rest on the testimony that he was seen carrying something behind the motel which he claims was merely the garbage.

In Arizona the rule is that the court need not grant a motion for a directed verdict where there is substantial evidence that defendant is guilty of the crime charged. State v. Turner, 101 Ariz. 85, 416 P.2d 409 (1966); State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (1966).

A very similar case to the instant one was decided by our Supreme Court in State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967), cert. den. 389 U.S. 867, 88 S.Ct. 138, 19 L.Ed.2d 142 (1967). There, two men were convicted of burglary. The stolen goods were found in a hotel room in which only one of the defendants was then present. The second defendant contended that he was not chargeable with the possession. The court said that the proof was clear that the two defendants were traveling together and registered at the hotel together. They held them to joint possession of the property in the room under both their dominion and control.

We believe the instant case is sufficiently similar to be governed by Pederson, supra. Here, both defendants shared a room in which the stolen goods were seen. Both defendants were identified as having deposited items in a suspicious manner where the stolen items were later located by the police, and defendant Humphrey's fingerprints were found at the scene of the crime. As in Pederson, where no specific testimony linking one defendant to the scene of the crime was found, the Court nevertheless said:

"* * * When the continuing nature of defendants' relationship is considered along with the manner in which [defendant] entered the hotel room, we are convinced that [defendant] demonstrated access to and control of the contents of that hotel room * * *." 102 Ariz. at 68, 424 P.2d at 818.

The Court in Pederson, went on to say that though mere recent possession alone is insufficient to prove burglary, its quality of evidence is of such high degree that only slight corroborative proof of other inculpatory circumstances are needed to warrant a conviction. State v. Jackson, 101 Ariz. 399, 420 P.2d 270 (1966). They pointed out that there was corroborating evidence in addition to the possession. A witness had seen one of the two defendants near the store, and a car in which the two were traveling contained tools usable for burglary.

We believe in the instant case there was evidence that both defendants possessed the stolen goods, hid them, and that the fingerprints of one defendant were found at the crime scene, all of which is sufficient evidence for the jury to believe both participated in the burglary.

Defendants' second contention is that the trial court unduly restricted their cross examination of a witness. Udall on Evidence § 45 states the following rule for Arizona:

"* * * While the court has considerable discretion in limiting or extending cross-examination, it may not deny examination on material matters, or so restrict it that an effective cross-examination is denied."

In the instant case the trial court admonished counsel to cease going into matters which were not material or relevant. Nevertheless, apparently counsel believed that in order to impeach the witness in question he had to establish the witness's relationship with defendants (co-workers in a carnival) in a circular manner. Following their discussion, counsel did continue to cross examine the witness.

 We do not believe that the trial court unduly restricted defendants' cross examination. Counsel had ample time, both prior and after his discussion with the judge, to make the exact inquiries he wanted to make, and a trial court need not tolerate limitless circular questioning.

Lastly, defendants contend that it was error to admit the beer bottle and the fingerprints taken from it. Specifically, they argue that there was a failure on the part of the State to show a complete chain of possession.

The most recent statement of the Arizona rule is found in State v. McGonigle, 103 Ariz. 267, 440 P.2d 100 (1968). There, some coins taken from defendant's pockets were placed in an envelope and put in the police property locker. The officer identified the coins at the trial, and the court cited an earlier Arizona case which said:

" 'It is not necessary that the article be identically the same as at the time in controversy, and it is also unnecessary to show an absence of tampering on the part of every person through whose hands the article has passed; *as long as the article can be identified it is immaterial in how many or in whose hands*

*it has been.'* " (Emphasis in original.) 103 Arizona. at 270, 440 P.2d at 103.

In the instant case the proprietor of the bar testified how he found the bottle and gave it to the officer. The officer testified he immediately marked it and passed it on to the lab. He positively identified the bottle admitted at trial as the bottle in question. In light of these statements, we believe the evidence was properly admitted.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.