468 P.2d 623

**The STATE of Arizona, Appellee,**

v.

**Ramon RANGEL, Appellant.**

**No. I CA–CR 205.**

Court of Appeals of Arizona, Division 1.

May 5, 1970.

Rehearing Denied June 11, 1970.

Review Denied July 14, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag and Wm. P. Dixon, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Acting Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Judge.

Defendant, Ramon Rangel, was informed against for the possession of heroin. The trial court, sitting without a jury, entered a judgment of guilty. Defendant was sentenced to not less than fifteen nor more twenty years. He now appeals that judgment.

Several issues are presented for review:

(1) Was the search warrant legally sufficient and the heroin found thereunder properly admitted into evidence?

(2) Can officers enter a dwelling by warrant without announcement?

(3) Was certification by the Secretary of the Prison sufficient to support evidence of a prior conviction?

(4) Can a fifteen to twenty year sentence be imposed when no judgment of a prior is entered with the conviction?

## WAS THE SEARCH WARRANT VALID?

In order to test the validity of a search warrant under the Fourth Amendment to the United States Constitution, this court must view the affidavit presented to the magistrate and any sworn testimony given him in order to evaluate whether there was probable cause to issue the warrant. State v. Watling, 104 Ariz. 354, 453 P.2d 500 (1969); State v. Greenleaf, Ariz., 464 P.2d 344 (1970).

Unfortunately, the record in this case is minus both these essentials. We do not have a copy of the affidavit in the record, nor a transcript of the hearing before the magistrate. The reporter's transcript of the preliminary hearing, while relating what the officer knew as to the defendant and his activities, provides no evidence as to just what or how much of that information the magistrate had before him in issuing the warrant. The transcript at trial contains only one short question as to what was told the magistrate, and that interchange was as follows:

\* \* \* \* \* \*

"Q. Do you recall what you told the Honorable Justice Murphy before he issued the warrant?

"A. Yes, sir.

**174**

Q. What was that, sir?

A. That I had information from a past proven reliable and confidential source that Ramon Rangel, his wife, and Raymond Rangel, which was his son, and also mentioned a Corvair, a light yellow Corvair, that these persons were in the possession of heroin."

\* \* \* \* \* \*

■ While we may sympathize with the defendant's allegation, we are compelled to overrule any objections he may have as to the insufficiency of the warrant as the burden is upon him to so prove and the record imports verity. State v. Allen, 9 Ariz.App. 196, 450 P.2d 708 (1969); Morgan v. State, 438 S.W.2d 565 (Tex.Cr. App.1968); Levin v. Blair, 17 F.2d 151 (E.D.Pa.1927). Had the search been warrantless, then the burden would be on the state. People v. Bock Leung Chew, 142 Cal.App.2d 400, 298 P.2d 118 (1956).

## WAS THE EXECUTION OF THE WARRANT PROPER?

■ A.R.S. § 13–1446 provides that when serving a warrant, an officer must first announce his authority and purpose before entering a house without permission. Defendant challenges the execution of the warrant here as being violative of this statute.

We believe there was adequate evidence, as testified at trial by the executing officer, that he hollered three different times for defendant, yelling that they were police officers with a search warrant. The evidence must be read to affirm the trial court, so this allegation of error is rejected.

## WAS THE SENTENCE AND ITS CONSIDERATION OF A PRIOR FELONY CONVICTION PROPER?

Defendant makes two allegations of error in regard to the defendant's sentence. First, he contends the failure to mention the "prior" in the judgment means the sentence should have been within the limits of a first offense. Second, he contends

the admission into evidence of the defendant's prison record was improper because the superintendent alone is in charge of the records in question, and the secretary was an improper party to certify them under Rule 44(g), Rules of Civil Procedure, as amended, 16 A.R.S. We answer these questions as follows.

In the instant case, defendant was informed against for a felony with a prior conviction. He denied the prior, and it is so recorded in the minute entry. At the trial before the judge, without a jury, the trial transcript reveals that the judge weighed evidence of the prior as per Rule 180, Rules of Criminal Procedure, 17 A.R.S., and ordered that defendant was guilty of having a prior conviction for possession of narcotics in 1957. This finding does not appear in the judgment. However, the court admitted into evidence a certified copy of the defendant's prior convictions, and there is also a minute entry confirming the conviction of the prior.

■ In State ex rel. Corbin v. Court of Appeals, Division I, 103 Ariz. 315, 441 P.2d 544 (1968), the Arizona Supreme Court held that failure to mention conviction of the prior in the judgment did not amount to reversible error when defendant had plead guilty to the prior. We likewise do not believe it is reversible error when the record and minute entry show evidence was taken and a conviction entered as to the prior and the judgment is simply silent.

■ As to defendant's contention that the exhibit showing the prior conviction was improperly admitted into evidence, we believe the following. Rule 44(g), as amended, Rules of Civil Procedure, 16 A.R.S., provides that an official record can be admitted into evidence if certified by its legal custodian or his deputy. A.R.S. § 31–221 requires that the secretary for the prison keep a register of prisoners which includes eight items, among which are:

"1. The name of each prisoner.

\* \* \* \* \* \*

6. An accurate description of the prisoner.

7. Whether he has been previously confined in a state prison \* \* \*."

\* \* \* \* \* \*

This register is separate from the records which the superintendent of the prison must keep under A.R.S. § 31–222 and § 13–1251, now repealed, which covers a comprehensive treatment of the prisoner's factual history as well as a character analysis and fingerprint record, etc. The prison record admitted here has the secretary's certification and contains nothing which the secretary is not required to keep. It includes a photo of defendant, his fingerprints, and a history of his distinguishing marks, all of which will go to accurately describing him. The prison record also includes copies of two judgment and commitment records as to prior convictions. State v. Jackson, 10 Ariz.App. 139, 457 P.2d 301 (1969). We therefore conclude proof of defendant's prior convictions can be based on a prison secretary's certification or the superintendent's certification of those convictions.

We believe defendant was properly sentenced under the narcotics recidivist statute, A.R.S. § 36–1002, as amended.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.