479 P.2d 724

**STATE of Arizona, Appellee,**

v.

**Edward Lee LOGGINS, Appellant.**

**No. I CA–CR 272.**

Court of Appeals of Arizona, Division 1.

Jan. 25, 1971.

Rehearing Denied Feb. 24, 1971.

Review Denied March 23, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HOWARD, Judge.

Appellant, the defendant below, was convicted by a jury on two counts of burglary and two counts of grand theft. The jury

also found him guilty of a prior offense of second degree burglary committed in the State of California. The defendant was sentenced to not less than ten years nor more than ten years and one day on each count, the sentences to run concurrently. Defendant appeals from these convictions and the sentences.

Sometime between 12:30 a. m. and 1:00 a. m. on May 24, 1967 and prior to 2:15 a. m. on said morning, the premises located at 515 and 517 W. Thomas Road, Phoenix, Arizona, were forcibly entered. An Elba projector and Burroughs adding machine were taken from 517 W. Thomas Road, said premises being occupied by Life & Casualty Insurance Company and a Clary cash register was stolen from the premises occupied by Key-Mart Music Company located at 515 W. Thomas Road.

At approximately 2:00 a. m. on the morning of May 24, 1967, officer William Gene Scott of the City of Phoenix Police Department was in the alley south of Camelback west of 7th Avenue. His attention was attracted by a 1957 green Chevrolet automobile which appeared to be traveling at a high rate of speed. The officer followed the automobile, clocked it at 70 m.p.h. and then pulled the car over. Seated in the driver's seat was Raymond W. Conrad who was charged with the defendant in this case and entered a plea of guilty. On the passenger side sat the defendant. The officer noticed through the back window of the car that the back seat appeared to be stacked with office machinery. Officer Scott did not know at that time that a burglary had taken place. The officer checked on his intercom with the police department and found out that the defendant had a couple of old traffic tickets outstanding. The officer then arrested the defendant for the failure to appear on the traffic tickets and arrested the driver for being drunk and disorderly.

SUFFICIENCY OF THE EVIDENCE

Defendant contends that at most the evidence shows the defendant was present in an automobile which contained stolen property. Citing the case of State v. Andrade, 83 Ariz. 356, 321 P.2d 1021 (1958), defendant claims the evidence is insufficient to support a conviction on any of the counts. Although mere recent possession is insufficient alone to prove burglary or theft, its quality of evidence is of such high degree that only slight corroborative proof of other inculpatory circumstances are needed to warrant a conviction. State v. Humphrey, 11 Ariz.App. 378, 464 P.2d 824 (1970); State v. Ruiz, 11 Ariz.App. 205, 463 P.2d 100 (1970); State v. Oliver, 9 Ariz. App. 364, 452 P.2d 529 (1969); State v. Payne, 7 Ariz.App. 43, 436 P.2d 137 (1968). Is there slight corroborative proof of other inculpatory circumstances to warrant conviction in this case? We turn first to defendant's explanation that he gave to officer Scott. The defendant told Scott that he had been drinking in a bar when Conrad came in and asked him to go for a ride. When he went out to the car with Conrad the stolen goods were already in the automobile. This explanation of the accused is inconsistent when considered with the other evidence in the case. Officer Peterson of the City of Phoenix Police Department testified that he checked the premises involved between the hours of 12:30 a. m. and 1:00 a. m., May 24, 1967. At that time the premises had not yet been broken into. We take judicial notice of A.R.S. § 4-244, subsec. 15 which requires bars in the State of Arizona to close by 1:00 a. m. According to the accused's statements to officer Scott, the burglary would have to have taken place before the bar closed. Officer Peterson's testimony makes it clear, however, that the burglary took place some time after the bar closed, thus casting grave suspicions on the accused's explanation of the presence of the property.

The explanation of the defendant as to the presence of the property, together with the fact that the automobile was speeding, its license plate was apparently purposely bent upward in a manner to obscure the license number to any person observing it,

and the fact that the stolen goods were in plain view in the back seat and the fact that a pistol and burglar tools were found under the passenger seat of the car, sufficiently distinguish the corroboration necessary to support a verdict for burglary and grand theft.

Defendant makes a further point. He maintains that the evidence does not show, as far as the burglary is concerned, an intent to commit theft or any felony. This contention is without merit. The evidence clearly shows forcible entry into the premises and further shows that property was actually stolen. This is sufficient circumstantial evidence to prove that when the defendant entered the premises he did so with the requisite intent. Ex parte Seyfried, 74 Idaho 467, 264 P.2d 685 (1953); State v. Gatewood, 169 Kan. 679, 221 P.2d 392 (1950); People v. Rhodes, 137 Cal.App. 385, 30 P.2d 1026 (1934); Vickery v. State, 62 Tex.Cr.R. 311, 137 S.W. 687 (1911); see also State v. Rood, 11 Ariz.App. 102, 462 P.2d 399 (1969).

## CIRCUMSTANTIAL EVIDENCE INSTRUCTION

Citing the case of State v. Reynolds, 104 Ariz. 149, 449 P.2d 614 (1969), defendant claims that the court erred in instructing the jury that the law makes no distinction between circumstantial and direct evidence. In the recent Supreme Court case of State v. Harvill, 106 Ariz. 386, 476 P. 2d 841 (1970), in a well-reasoned opinion authored by Justice Hays, who by chance happens to be the trial judge in this case, the court expressly overruled that portion of State v. Reynolds, supra, which held that the giving of such an instruction was error. This disposes of defendant's contention.

## PROOF OF PRIOR CONVICTION

The State in this case was allowed to admit into evidence a certified abstract of a judgment from the Superior Court of San Francisco County, California, showing that the defendant had been convicted previously of the offense of second degree burglary in that state. All documents were properly authenticated and were accompanied by photographs and fingerprints. Defendant's fingerprints were taken in the courtroom and they were identical with fingerprints that accompanied the abstract. In a novel and meritless contention, the defendant claims this introduction of the certified abstract of judgment from the State of California denied him the right to confrontation. He alleges that he could not cross-examine the document nor the maker of it. He could not test the recollection or the conscience of the document and he could neither compel it nor its maker to stand face to face with the jury in order that they might look upon him and judge, by courtroom demeanor, whether the evidence surrounding the prior conviction was worthy of belief. Defendant has cited us no authority for his position. In State v. Pennye, 104 Ariz. 146, 449 P.2d 611 (1969) our Supreme Court held that Rule 44(g), Rules of Civil Procedure, 16 A.R.S., controls the admissibility of such records. The procedure used by the State has been previously approved and does not deny the defendant his right of cross-examination. State v. Boag, 104 Ariz. 362, 453 P.2d 508 (1969); State v. Jones, 103 Ariz. 580, 447 P.2d 554 (1968).

The supposed conflict between the Sixth Amendment, Right to Confrontation and the hearsay rules was the basis of two recent appeals in the United States Supreme Court. In California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), the court had under consideration § 1235 of the California Evidence Code which provided that "evidence of a statement made by a witness is not made inadmissible by the hearsay rule if the statement is inconsistent with his testimony at the hearing * * *." At the trial in the *Green* case, Porter, the chief witness for the prosecution, was "markedly evasive and uncooperative" on the witness stand. At various points during Porter's direct examination, the prosecutor read excerpts from Porter's preliminary hearing testimony. This evi-

dence was admitted under § 1235 for the truth of the matter contained therein. The court, in approving the constitutionality of the California statute, first noted that while the Confrontation Clause and the hearsay rules are generally designed to protect similar values, it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay.

The court further noted that merely because evidence is admitted in violation of a long established hearsay rule does not lead to the automatic conclusion that the confrontation rights have been denied. The particular vice which gave impetus to the confrontation claim was the practice of trying defendants on "evidence" which consisted solely of ex parte affidavits or depositions secured by examining magistrates, therefore, denying defendant the opportunity to challenge his accuser in a vis-à-vis meeting before the trier of fact. The court held in the *Green* case that the right to confrontation is satisfied as long as the declarant is testifying as a witness and is subject to the full effect of cross-examination. If the declarant is present and testifying at trial, the out of court statements for all practical purposes redeems most of the lost protection.[1]

In Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), the court had under consideration the Georgia statute that provided:

> "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all."

The court in upholding the constitutionality of the Georgia statute again noted that the overlap between the Confrontation Clause and the hearsay rules is not complete. In Dutton v. Evans, supra, the plurality of the court, in deciding whether or not the admission of the conspirator's statements denied the right to confrontation, set forth facts which indicated that the statements of the conspirator were reliable and stated: "These are indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant." Quoting from California v. Green, supra, the court stated:

> "The decisions of this Court make it clear that the mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth determining process in criminal trials by assuring that the 'trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.'"

As we have previously pointed out, the certified abstract of the California judgment is admissible under Rule 44(g) of the Rules of Civil Procedure, 16 A.R.S. The rule allowing its admissibility is an exception to the hearsay rule. It has been pointed out that the reasons for its admission as an exception to the hearsay rule are necessity and the circumstance of probability of trustworthiness. 5 Wigmore on Evidence 3d ed., §§ 1631 and 1632. The rationale of "reliability" is important in view of the Supreme Court's reasoning in Dutton v. Evans, supra. The concept of trustworthiness of the documents is based upon the presumption that public officers do their duty. Wigmore citing Gaines v. Relf, 53 U.S. 472, 12 How. 472, 570, 13 L.Ed. 1071 states:

> "Such writings [those which the law requires to be kept for the public benefit] are admissible in evidence on account of their public nature, though their authenticity be not confirmed by the usual tests of truth, namely, the swearing and the cross-examination of the persons who

1. The court also pointed out that since Porter was extensively cross-examined at the preliminary hearing, his testimony would have been admissible if he was actually unavailable despite good faith efforts of the State to produce him under Barber v. Page, 390 U.S. 719, 725 through 726, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968).

prepared them. They are entitled to this extraordinary degree of confidence partly because they are required by law to be kept, partly because their contents are of public interest and notoriety, but principally because they are made under the sanction of an oath of office, or at least under that of official duty, by accredited agents appointed for that purpose. Moreover, as the facts stated in them are entries of a public nature, it would often be difficult to prove them by means of sworn witnesses."

Justice Harlan in Dutton v. Evans, supra, notes that a rule requiring the production of available witnesses in cases involving business records, official statements, and trade reports would be unduly inconvenient and, in the final analysis, of small utility to a defendant.

We believe that the certified abstract of the judgment inherently contains a sufficient basis for evaluating the truth of the record to satisfy the Confrontation Clause. Any other holding on our part would be unrealistic and chaotic. In Dutton v. Evans, supra, the plurality opinion closed with a quote from the case of Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), authored by Mr. Justice Cardozo. We believe that that quote is worth repeating here:

> "'There is danger that the criminal law will be brought into contempt—that discredit will even touch the great immunities assured by the Fourteenth Amendment—if gossamer possibilities of prejudice to a defendant are to nullify a sentence pronounced by a court of competent jurisdiction in obedience to local law, and set the guilty free."

## INSTRUCTION ON BURDEN OF PROOF IN TRIAL OF PRIOR CONVICTION

After the defendant was found guilty of the primary charges, a hearing was convened to try the question of the prior conviction. When that hearing had ended the court instructed the jury as follows:

> "The same burden of proof, beyond a reasonable doubt, applies in your determination of this matter as applied previously under the previous instruction given to you, ladies and gentlemen."

Defendant contends that the court erred since in addition to this instruction it should have instructed the jury that the defendant is presumed innocent until he is proven guilty. In the case of State v. McGonigle, 103 Ariz. 267, 440 P.2d 100 (1968), the court stated:

> "Moreover, since the trial court instructed the jury at the end of the case in chief that the state had the burden of proving every material fact in the information it was under no duty to repeat that instruction before the jury retired to deliberate on the issue of prior conviction."

The court in this case instructed, during the case in chief, that the defendant in a criminal case is presumed by law to be innocent and that the burden of proving him guilty beyond a reasonable doubt rests upon the State and that this burden never shifts throughout the trial. Therefore, we do not find it was necessary for the court to have been compelled to repeat this instruction when the jury retired to deliberate on the issue of a prior conviction.

## RESENTENCING AND DOUBLE JEOPARDY

Defendant in this case was initially sentenced to serve not less than six nor more than ten years on each count, the sentences to run concurrently. Sometime thereafter, the county attorney, apparently discovering that these sentences might not be correct under A.R.S. § 13–1649 and § 13–1650, filed a motion for resentencing and the trial court granted the motion on January 3, 1968, approximately one month after the time of the original sentencing. At that time, the court sentenced defendant to serve not less than ten nor more than ten years and one day on all four counts, these sentences to run concurrently.

It is the contention of the defendant that he was placed twice in jeopardy by this resentencing. As authority for this proposition, the defendant cites the cases of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The authority cited by the defendant does not support his contention. The thrust of defendant's contention is that if the court in the first instance pronounces an illegal sentence, the court cannot later correct such a sentence. Such a contention is patently absurd and we reject it.

Grand theft is punishable in the State of Arizona by a term in prison of not less than one nor more than ten years, A.R.S. § 13–671, subsec. A. Under the provisions of § 13–1649, a person convicted of a subsequent offense shall be punished upon conviction of such offense by imprisonment in the State Prison for not less than ten years if the first conviction was punishable by imprisonment for a term exceeding five years. The judge was quite right in resentencing the defendant on the grand theft counts and we hold that such action did not constitute double jeopardy.

As to the resentencing on the burglary counts, a different problem is presented.

## THE BURGLARY COUNTS

 The information charged the defendant under counts I and III with undesignated degrees of burglary. When the forms of verdict were submitted to the jury, no attempt was made to set forth the degrees of burglary and the verdicts on counts I and III found the defendant guilty of burglary without designation of the degree. The trial record supports, beyond a reasonable doubt, defendant's guilt of burglary as the jury, by its verdicts, found. The only doubt which arises from the record concerns the time of day when the offense was committed. This doubt does not affect the conclusiveness of the jury's verdict of burglary, and, since the verdict of first degree cannot be sustained, it must be given effect as a verdict of guilty of burglary in the

second degree. State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (1967). Since the defendant was sentenced on the burglary counts as a habitual offender under the assumption that the conviction was for first degree burglary, it is therefore necessary for us to remand counts I and III for proper sentencing.

The judgment is affirmed as to counts II and IV; the judgments and sentences as to counts I and III are set aside and the case is remanded to the trial court which is directed to modify the conviction and judgment on counts I and III to second degree burglary with a prior conviction and pass a proper sentence thereon.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.