494 P.2d 1332

**The STATE of Arizona, Appellee,**

v.

**Oscar Lloyd BLACK, Appellant.**

**No. 2 CA–CR 274–2.**

Court of Appeals of Arizona,
Division 2.

March 17, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender, by Roger Auerbach, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

An information was filed in the Superior Court of the State of Arizona, in and for the County of Pima, on September 4, 1970, charging Oscar Lloyd Black with petty theft with a prior, in violation of A.R.S. § 13–661, § 13–663, subsec. B, as amended, and § 13–1649, as amended.

The defendant was tried on October 29, 1970, and found guilty as charged. On February 25, 1971, he was sentenced to serve a term of one to three years in the Arizona State Prison.

The basis of this appeal stems from the State's proof of the prior conviction. State's Exhibit No. 3, a fingerprint card, was offered by the State to establish the identity of Mr. Black as the same individual

**588**

convicted of burglary in 1955. It was admitted into evidence over the defendant's objection that it was hearsay and this is the issue raised on appeal as error.

The defendant does not deny the fact that there are certain written instruments which are commonly admitted into evidence as exceptions to the hearsay rule. Nor does he deny that Exhibit No. 3 in this particular case was a properly certified copy of the particular record in question. He appears to be arguing that there was no proper foundation laid for the admission of the original or the certified copy of this particular exhibit. Rule 272, Rules of Criminal Procedure, 17 A.R.S., provides that "The law of evidence . . . in civil actions shall apply to criminal actions except as otherwise provided." Rule 44, Rules of Civil Procedure, 16 A.R.S., provides for the proof of records. The issue here raised on appeal seems to arise from a confusion of Rule 44(a) and Rule 44(g). Rule 44(a) reads as follows:

"The records required to be made and kept by a public officer of the state, county, municipality, or any body politic, and copies thereof certified under the hand and seal of the public officer having custody of such records, shall be received in evidence as prima facie evidence of the facts therein stated."

■ Under Rule 44(a), just cited, the Arizona Supreme Court has held that public records "are those required to be kept by a specific statute." State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969). Rule 44(g) provides for the authentication of copies of *official* records. Under Rule 44(g) our courts have frequently held that state prison records, including records of prior conviction and fingerprints, had been properly admitted as exceptions to the hearsay rule. State v. Boag; 104 Ariz. 362, 453 P.2d 508 (1969); State v. Pennye, 104 Ariz. 146, 449 P.2d 611 (1969); State v. Loggins, 13 Ariz.App. 577, 479 P.2d 724 (1971); State v. Rangel, 12 Ariz.App. 172, 468 P.2d 623 (1970); State v. Jackson, 10 Ariz.App. 139, 457 P.2d 301 (1969); State v. Norgard, 6 Ariz.App. 36, 429 P.2d 670 (1967). There

is a clear distinction between "public records" and official records. In State v. Stone, supra, the accident reports required to be filed by the Highway Patrol were held to be "public" records because they were required by statute, specifically A.R.S. § 28–233. Official records, on the other hand, while they may not be specifically required to be kept by a particular statute, are a part of the official duty of a particular officer. And Rule 44(g) provides that an official record or a copy thereof can be admitted into evidence if it has been certified by its legal custodian or by his deputy. As was succinctly pointed out in State v. Rangel, supra, the records kept at the prison are those required to be kept by the secretary of the prison under A.R.S. § 31–221, which reads in pertinent part as follows:

"The secretary for the prison shall keep a register of prisoners in which shall be entered:

1. The name of each prisoner.
   *    *    *    *    *    *
6. An accurate description of the prisoner.
7. Whether he has been previously confined in a state prison in this or another state, and if so, when and upon what condition he was discharged."

■ A.R.S. § 31–222 provides that "The superintendent of the prison shall keep at the prison a full and accurate record of each prisoner therein confined. . . ." The transcript does not make clear by whom Exhibit 3 was certified, but the defendant raises no question as to the certification itself. It was not necessary that the State introduce a particular statute under which the prison records were required to be kept. These are copies of official records and not a public record. We therefore hold that defendant's prior conviction was properly proved by the official record of his fingerprints, which was properly certified by the prison's secretary or the superintendent.

The judgment is therefore affirmed.

HATHAWAY and HOWARD, JJ., concur.