669 P.2d 99

**The STATE of Arizona, Appellee,**

v.

**O'Neil STOUGH, Appellant.**

**No. 2 CA–CR 2725.**

Court of Appeals of Arizona, Division 2.

April 13, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Mary E. White, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was found guilty by a jury of robbery, kidnapping and theft, all repetitive felonies. Finding aggravating circumstances, the trial court sentenced him to concurrent prison sentences of eight years, fifteen years and three years, respectively.

The record shows that just prior to the incidents at issue, appellant and a female companion had attempted to rob two other persons on Highway 89 at night by flashing their car lights, pulling the cars over and telling the drivers that they were narcotics agents. The Pima County Sheriff's Office had already been alerted to the situation when the incident herein took place.

Appellant pulled over Tammy Woolridge, a waitress who was giving two inebriated friends a ride home. He told her he was an undercover "narc", searched the trunk of the car, made her put her hands on the roof and then had her take the wallets of the sleeping passengers and give them to him. Appellant's female companion searched Tammy while she was lying on the ground and appellant himself patted her down three or four times. Appellant made Tam-

my remove her shoes and told her his companion had a gun and she was trained to kill. Appellant took money and Tammy's car keys and identification. He and his confederate departed and Tammy ran into the desert and hid.

Shortly thereafter one of the persons involved in the previous attempts and an Oro Valley police officer caught appellant and arrested him. Sgt. Woolridge, of the Pima County Sheriff's Department, Tammy's father, arrived at the scene of the arrest. When he saw Tammy's car keys and identification in appellant's car he became so upset that he picked appellant off the ground by his beard and hair and forced appellant into his patrol car.

Sgt. Woolridge also told him that if he didn't find Tammy alive he was going to blow appellant's brains out. When appellant refused to say where Tammy was Sgt. Woolridge hit him across the jaw and nose with a flashlight. Appellant thereupon told him where Tammy's car was.

They drove to Tammy's car and at the sound of her father's voice, Tammy came running out of her hiding place in the desert. She was very upset, told her father what had happened and identified appellant as the perpetrator.

Sgt. Woolridge was one of two officers who overheard appellant and his female companion discuss the story they were going to give authorities while they sat together in the holding area of the jail the following day.

At trial appellant presented an insanity/intoxication defense. No weapon was found, and the trial court granted him a judgment of acquittal on the charge of armed robbery.

Appellant contends the trial court erred in (1) instructing the jury that he could be guilty of kidnapping if the evidence showed that the restriction of another person's movement was with the intent to place a person in reasonable fear of imminent physical injury to that person or another person; (2) permitting the state to introduce into evidence appellant's prior conviction record from Hawaii without proper authentication; (3) admitting into evidence anything that occurred, including the observations of the witnesses, when Tammy's car was found by Sgt. Woolridge, and (4) convicting him for robbery and theft when there was no evidence of force, threat, or intent to take any property.

Appellant's contentions are without merit for the following reasons:

1. Although charged with kidnapping with the intent to otherwise aid in the commission of a felony (A.R.S. § 13-1304(A)(3)), appellant could, instead, be convicted of kidnapping with the intent to place the victim or a third person in reasonable apprehension of imminent physical injury (A.R.S. § 13-1304(A)(4)). Although kidnapping pursuant to A.R.S. § 13-1304(A)(4) is not a lesser-included offense or a separate offense, it is one of many ways in which a person can be guilty of kidnapping. See *State v. Carrico*, 116 Ariz. 547, 570 P.2d 489 (1977).

2. The fingerprints and photographs of appellant accompanied and were attached to the certified abstract of the indictment, guilty plea, judgment and mittimus and were part of the certification. They did not have to be separately certified. Cf. *State v. Jones*, 103 Ariz. 580, 447 P.2d 554 (1968); *State v. Baca*, 102 Ariz. 83, 425 P.2d 108 (1967).

3. The victim would have been found in any event and would have shown the police her car and identified appellant. *State v. Lamb*, 116 Ariz. 134, 568 P.2d 1032 (1977).

4. There was more than enough evidence to show appellant was guilty of the crimes.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.