NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENJAMIN E. MOTTEN, II, *Appellant.*

No. 1 CA-CR 13-0845

FILED 2-3-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-109324-005
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

---

**T H U M M A, Judge**:

¶1        Benjamin E. Motten, II, appeals his convictions and sentences for armed robbery, kidnapping, aggravated assault, burglary and other offenses. Finding no error, the convictions and sentences are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        A grand jury indicted Motten on seven counts of kidnapping, six counts of armed robbery, one count of attempted armed robbery, two counts of aggravated assault, one count of first-degree burglary, one count of conspiracy to commit first-degree burglary and one count of misconduct involving weapons. The State alleged Motten and four other men undertook a nighttime home invasion of a west Phoenix home -- which they mistakenly believed contained more than 400 pounds of marijuana and large amounts of money -- and the armed robbery of the extended family living there. The men were alleged to have pistol-whipped the father, robbed his wife and her mother of their jewelry at gunpoint, confronted the teenage daughter and her younger female cousin at gunpoint and ransacked their room and taken a flat-screen television from a room where the grandfather was sleeping when the home invasion started. The grandfather looked through the kitchen door when he heard the commotion, saw one of the intruders and ran to the backyard, where he tried but failed to jump the fence. A teenage son left the home through his bedroom window, leapt the backyard fence and ran to a neighbor's house. When he looked back, he saw one of the intruders jump the wall, following him.

¶3        The wife called 9-1-1 while the robbery was in progress and police chased the robbers as they fled the scene in two vehicles, one stolen from the residence. Police caught Motten and an accomplice after they exited one of the vehicles and ran to an apartment. When arrested, Motten had jewelry stolen from the victims in his pocket. The driver of the vehicle in which Motten fled crashed

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the convictions and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2, 212 P.3d 11, 12 (App. 2008).

during a high-speed chase and was arrested later that day after reporting the vehicle stolen. That driver testified at trial against Motten as part of a plea agreement.

**¶4**      Motten did not testify at trial; nor did he dispute that the family was the victim of a home invasion. Motten defended himself by claiming that he was merely present, and neither an active participant in, nor an accomplice to, the charged offenses. On Motten's motion, the superior court entered a judgment of acquittal on the charges of kidnapping and armed robbery of the teenage son, and armed robbery of the teenage daughter. The jury convicted Motten of the remaining counts.

**¶5**      The court imposed 20-year sentences on the convictions for kidnapping and aggravated assault of the younger of the teenage girls, which were dangerous crimes against children, to be served consecutively. After finding Motten had been convicted of two prior serious offenses, the court imposed life sentences without the possibility of release for 25 years for the kidnapping, armed robbery, conspiracy and burglary convictions, and required four of those life terms to be served consecutively to each other and to the two 20-year sentences. The court imposed lesser sentences for the remaining convictions, to be served concurrently with one of the life sentences.

**¶6**      From Motten's timely appeal, this court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A) (2015).[2]

## DISCUSSION

### I.    Amendment To Kidnapping Charges.

**¶7**      Motten argues the superior court abused its discretion and violated his constitutional right to pretrial notice of the charges against him by allowing the State to amend three kidnapping counts after trial had started, to delete the reference to the victims being restrained "with the intent to hold [them] for ransom as a shield or hostage" and replace it with a reference to the victims being restrained "with the intent to inflict death, physical injury or a sexual offense or to otherwise aid in the commission of a felony."[3] In moving to amend, the prosecutor

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[3] The court allowed a similar amendment to a count resolved when the court entered a judgment of acquittal, a decision not at issue in this appeal.

explained that he had not realized until the indictment was read to the jury that several of the seven kidnapping counts included an erroneous reference to an intent to hold these victims –- as relevant here, the wife, the teenage daughter and the father -- for ransom or as a hostage, rather than to aid in the commission of the armed robbery. The prosecutor likened the mistake to a "scrivener's error." Defense counsel argued that the proposed amendments prejudiced him "to some extent" because it forced him "at the last minute" to revise his opening statement and his examination of the wife to omit any reference to ransom or hostages in case the court allowed the amendment, and he had been prepared to defend based on the language in the indictment.

**¶8**     The superior court allowed the amendment, reasoning that this appeared "to be one of clerical or scrivener's error as opposed to a substantive error in charging," and although "there has been some prejudice here, as indicated by your attorney's remarks regarding his strategy and the manner in which he prepared to defend you at this trial . . . the prejudice that you may have suffered is not so sufficient that it stands as a bar to the amendment." The superior court's decision to grant a motion to amend an indictment is reviewed for abuse of discretion. *State v. Johnson*, 198 Ariz. 245, 247 ¶ 4, 8 P.3d 1159, 1161 (App. 2000).

**¶9**     The Sixth Amendment requires adequate pretrial notice of criminal charges. *See* U.S. const. amend. VI. Under Arizona law, an indictment may be amended to "correct mistakes of fact or remedy formal or technical defects," and "shall be deemed amended to conform to the evidence adduced at any court proceeding." Ariz. R. Crim. P. 13.5(b). "A defect may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way." *State v. Freeney*, 223 Ariz. 110, 112 ¶ 11, 219 P.3d 1039, 1041 (2009) (citation omitted). The nature of the offense is changed when the elements of the offense materially differ from those of another. *See Freeney*, 223 Ariz. at 112–13 ¶ 16, 219 P.3d at 1041–42.

**¶10**     The Arizona Supreme Court has held that kidnapping is one crime, regardless of the specific intent the defendant had in committing the offense. *State v. Herrera*, 176 Ariz. 9, 15–16, 859 P.2d 119, 125–26 (1993) (holding A.R.S. § 13-1304 defines single offense of kidnapping that might be committed with more than one purpose or intent, and defendant was not denied unanimous jury verdict even though jurors might not have agreed on the intent with which he committed the kidnapping); *State v. Eagle*, 196 Ariz. 188, 190 ¶ 7, 994 P.2d 395, 397 (2000) ("Subsection (A) of the text completely defines the crime of kidnapping as it exists in Arizona. Its elements are plainly set forth: a knowing restraint coupled *with one or more* of the specifically listed intentions.") (emphasis added). This court has held that it is permissible to convict a defendant of kidnapping with a different intent

than the intent charged in the indictment. *State v. Stough*, 137 Ariz. 121, 123, 669 P.2d 99, 101 (App. 1983) (holding, although defendant had been charged with kidnapping with intent to aid in commission of a felony, it was permissible to convict him of kidnapping with intent to place victim in reasonable apprehension of imminent physical injury).

¶11        The amendment here did not change the nature of the offense -- a knowing restraint of the victim with one of the listed intents -- but simply changed the intent of the restraint in three of the kidnapping counts to mirror the intent alleged in the other kidnapping counts. *See* A.R.S. § 13-1304; *cf. Freeney*, 223 Ariz. at 113 ¶ 16, 219 P.3d at 1042; *Herrera*, 176 Ariz. at 16, 859 P.2d at 126; *Stough*, 137 Ariz. at 123, 669 P.2d at 101. This was in the nature of a permissible factual or technical amendment. *See* Ariz. R. Crim. P. 13.5. Nor did the amendment impermissibly prejudice Motten. A last minute change to defense counsel's opening statement -- presumably to drop any references to hostage-taking -- and defense counsel's decision not to ask the first witness potentially irrelevant questions about being held as a hostage do not rise to the level of prejudice requiring reversal. Motten also has failed to detail how he was forced to change his trial strategy as a result of the amendment. Motten's sole defense was that he took no part in the charged offenses and was merely an innocent bystander. On this record, Motten suffered no prejudice from the amendments.

¶12        Motten also received constitutionally adequate notice of the charges against him under the Sixth Amendment, the touchstone of which "is whether the defendant had actual notice of the charge, from either the indictment or other sources." *Freeney*, 223 Ariz. at 115 ¶ 29, 219 P.3d at 1044. The joint pretrial statement made no mention of ransom or hostages, and instead alleged that Motten and his accomplices threatened to shoot the victims "if they did not comply with the gunmen," and "various victims" were forced to lie on the floor "while their home was robbed." The indictment itself paired an armed robbery count with a kidnapping count for each victim, further evidencing that the alleged intent of the kidnapping was to allow the armed robbery, or "aid in the commission of a felony." *See* A.R.S. § 13-1304(A)(3). The indictment also described the intent of the home invasion in the burglary count as "to commit a theft or a felony therein." Motten admitted in his post-arrest statements that he knew that the others intended to invade the home and rob the residents. On this record, Motten had adequate pretrial notice that the State was asserting that he knowingly restrained each of the kidnapping victims with the intent to aid in the commission of the armed robbery, and not to hold any one of them as a hostage. Accordingly, the court did not violate Motten's constitutional right to pretrial notice of the charges against him by allowing the amendment.

## II.     Sufficiency Of Evidence Of Kidnapping Count.

¶13          Motten argues the superior court erred in denying his motion for judgment of acquittal on the charge of kidnapping of the grandfather who escaped into the backyard, because the evidence failed to demonstrate the kidnappers knew of his existence, and thus, knowingly restrained him under A.R.S. § 13-1304.

¶14          A motion for judgment of acquittal is appropriate only "if there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). "Substantial evidence . . . 'is such proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt."'" *State v. West*, 226 Ariz. 559, 562 ¶16, 250 P.3d 1188, 1191 (2011*)* (citation omitted). This court reviews the denial of a motion for judgment of acquittal and the sufficiency of the evidence to support a conviction de novo. *West,* 226 Ariz. at 562 ¶15, 250 P.3d at 1191. Facts are viewed in the light most favorable to upholding the verdict, and all conflicts in the evidence are resolved against defendant. *State v. Girdler*, 138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983*).* Direct and circumstantial evidence are treated the same under the law. *See State v. Stuard*, 176 Ariz. 589, 603, 863 P.2d 881, 895 (1993).

**¶15** The superior court properly determined that circumstantial evidence of the kidnapping of the grandfather was minimally sufficient to survive the Rule 20 motion. The grandfather testified that he ran into the backyard, and remained there until the intruders left, because he was unable to climb over the fence. The mother heard one of the kidnappers shout that someone had escaped through a window. The teenage son testified that after he had escaped through the window, ran through the backyard and leapt the fence, he saw one of the kidnappers jumping over the fence in pursuit. Reasonable jurors could have inferred from this evidence that the home invaders saw the grandfather in the backyard, either when they saw the teenage son escape through the window, or when one of them ran through the backyard chasing the teenage son. Although recognizing, as the State concedes, the evidence was not overwhelming, on this record, the superior court did not err in denying the Rule 20 motion on this count.

## CONCLUSION

**¶16** Motten's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama